**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RUDY STANKO,

        Petitioner-Appellant,

v.

BLAKE DAVIS, Warden,
F.C.I. Englewood,

        Respondent-Appellee.

No. 09-1073

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:08-CV-02615-ZLW)**

---

Submitted on the briefs:[*]

Rudy Stanko, Pro Se.

David M. Gaouette, Acting United States Attorney, Michael C. Johnson, Assistant United States Attorney, Denver, Colorado, for Respondent-Appellee.

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The district court dismissed as an abuse of the writ the habeas petition

Rudy Stanko brought under 28 U.S.C. § 2241 to challenge the execution of his

federal sentence. To resolve this appeal, we must determine whether a federal

inmate[1] who brings a second or successive habeas petition under 28 U.S.C. § 2241

must first obtain circuit court authorization to proceed and, if not, whether the

principles that governed successive and/or abusive writs before the enactment of

the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat.

1214 (1996) ("AEDPA"), continue to apply to petitions brought under § 2241

post-AEDPA. We conclude that a federal prisoner does not need prior circuit

authorization to bring a second or successive § 2241 petition, that the pre-AEDPA

principles still apply to such petitions, and that the district court properly

dismissed Mr. Stanko's petition, which was both successive and abusive.


I.

Mr. Stanko, who is serving a sentence for possession of a firearm after

conviction of a felony, brought the current habeas proceeding to challenge the

Bureau of Prison's ("BOP") determination that he is not eligible for a one-year

---

[1]     Throughout this opinion, we use the terms "federal inmate" and "federal prisoner" to describe a person who is incarcerated "pursuant to a judgment of a court of the United States," as specified in 28 U.S.C. § 2244(a).

reduction in his sentence under 18 U.S.C. § 3621(e)(2)(B). That statute provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [residential drug abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." In April 2008, the BOP determined that Mr. Stanko was not qualified to participate in a residential drug abuse treatment program (RDAP), having previously determined that his conviction for a firearms offense made him ineligible for a sentence reduction under § 3621(e)(2)(B) in any event.

Nine months before filing the current proceeding in Colorado, Mr. Stanko filed a similar proceeding in Minnesota, where he was then incarcerated. The Minnesota district court ruled against Mr. Stanko, concluding that the BOP had discretion under 18 U.S.C. § 3621(e) to deny a sentence reduction to inmates convicted of firearms offenses under 18 U.S.C. § 922(g) and, therefore, that he was not entitled to a sentence reduction regardless of whether he was enrolled in an RDAP. *Stanko v. Cruz*, No. 08-cv-856, 2008 WL 4849025, at *3-4 (D. Minn. Nov. 6, 2008), *aff'd*, No. 09-1132, 2010 WL 184046 (8th Cir. Jan. 21, 2010) (per curiam).

In light of the Minnesota proceedings, the Colorado district court dismissed Mr. Stanko's petition sua sponte as an abuse of the writ. The court held that regardless of whether Mr. Stanko's claims were the same or merely similar to

those he raised in the Minnesota action, his petition was abusive and he had shown neither cause and prejudice nor a miscarriage of justice to warrant considering his petition on the merits.

## II.

Before a state or federal inmate, respectively,  may file a second or successive habeas petition under 28 U.S.C. § 2254 or a second or successive motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255, the inmate must obtain authorization from the circuit court to proceed, and that authorization may only be given based on two very narrow grounds.[2] *See* 28 U.S.C. § 2244(b)(2), (3)(A) (§ 2254 petitions); § 2255(h) (§ 2255 motions).  These are AEDPA's "gatekeeping provisions."  If the inmate does not obtain prior authorization, the federal district court has no jurisdiction to consider

---

[2]    AEDPA refers to "second or successive" habeas corpus applications under § 2254 and "second or successive" motions under § 2255, but does not define the phrase "second or successive."  The Supreme Court has described the phrase as a "term of art" and has held that it does not encompass *all* habeas petitions filed second or successively in time. *Magwood v. Patterson,*130 S. Ct. 2788, 2796-97 (2010) (internal quotation marks omitted); *see also Panetti v. Quarterman*, 551 U.S. 930, 944 (2007).

AEDPA does not use the phrase "second or successive" in connection with second or subsequent § 2241 petitions.  Nonetheless, we use the phrase here to describe a § 2241 petition like Mr. Stanko's, which challenges the same BOP decisions at issue in the earlier Minnesota proceedings and which raises claims that either were or could have been raised in those earlier proceedings.

his § 2254 petition or § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir.

2008). Mr. Stanko did not seek circuit court authorization before he filed his

§ 2241 petition in federal court in Colorado. If AEDPA required him to obtain

prior authorization, then the district court had no jurisdiction to consider his

petition.

The statutory limitations on a federal inmate's ability to file multiple

§ 2241 petitions are contained in 28 U.S.C. § 2244(a). Following amendment by

AEDPA in 1996, § 2244(a) currently provides that

> [n]o circuit or district judge shall be required to entertain an
> application for a writ of habeas corpus to inquire into the detention
> of a person pursuant to a judgment of a court of the United States if
> it appears that the legality of such detention has been determined by
> a judge or court of the United States on a prior application for a writ
> of habeas corpus, except as provided in section 2255.[3]

In *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007) (per curiam),

which involved a second or successive § 2241 petition by a military prisoner, we

said in dicta that

> [t]he reference to § 2255 in the AEDPA-amended version of
> § 2244(a) *appears* to incorporate the appellate pre-authorization
> gatekeeping requirements of § 2255 para. 8 [now § 2255(h)], which
> sets forth the grounds upon which a circuit court may authorize a

---

3       As discussed *infra* pp. 14-15, the term "legality of detention" is so broad as
to potentially bar *any* § 2241 petition that follows an earlier habeas petition,
regardless of the grounds asserted in either petition. Section 2244(a) therefore
has the potential to bar even a § 2241 petition that would not be considered
"second or successive." *See* discussion *supra* note 2.

second or successive § 2255 motion, and, in turn, incorporates the pre-authorization procedures in § 2244(b)(3).

*Id.* at 650 (emphasis added). We did not decide whether § 2244(a) actually does incorporate § 2255(h)'s pre-authorization requirement, however, because we concluded that a military court is not "a court of the United States." As a consequence, § 2244(a) did not apply to the § 2241 petition before us, which challenged a military court-martial conviction. *Id.*

We now conclude that the final clause of § 2244(a), i.e., "except as provided in section 2255," merely serves to clarify that the bar of § 2244(a) is not meant to affect claims that are properly brought under § 2255. The clause's language dovetails with that of § 2255(e) requiring all federal inmates authorized to apply for relief under § 2255 to use that remedy, rather than a habeas application, unless the § 2255 remedy would be inadequate or ineffective. Were we to interpret the clause to incorporate the provisions of § 2255, including the gatekeeping provisions of § 2255(h), the result would be at odds with the overall statutory scheme and its historical treatment.

First, the plain language of § 2255(h) applies only to § 2255 motions. Subsection (h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." The "motion" referred to must be the "motion to vacate, set aside or correct a sentence" described in § 2255(a). *See, e.g., Valona v. United States*, 138 F.3d

-6-

693, 694 (7th Cir. 1998). A habeas petition under § 2241 is not such a motion.

When Congress enacted §§ 2241-55 in 1948, it created two distinct remedies. One was the traditional habeas remedy under § 2241,[4] as further limited for state prisoners by § 2254. The other was a new remedy by motion under § 2255 for federal prisoners. *See United States v. Hayman*, 342 U.S. 205, 210-19 (1952) (discussing traditional habeas remedy and creation of new remedy under § 2255). By their plain language, the gatekeeping provisions of § 2255(h) apply only to § 2255 motions, not to habeas corpus petitions. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352, n.2 (11th Cir. 2008) (concluding § 2255(h) does not apply to a § 2241 petition because "§ 2255(h), by its terms, applies only to a 'second or successive *motion*' – that is, a second or successive motion to vacate a sentence under § 2255"); *Valona*, 138 F.3d at 694 (concluding § 2255's gatekeeping provisions do not apply to § 2241 petitions).

Further, the gatekeeping standards set forth in § 2255(h) are tailored to the types of claims properly brought in a § 2255 motion, but not to the typical claim brought by a federal inmate in a § 2241 petition. To satisfy the gatekeeping

---

[4] Section 2241 recodified, with modifications, the habeas remedy originally granted by the Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81-82, and expanded by the Habeas Corpus Act of 1867, ch. 28, § 1, 14 Stat. 385, 385.

provisions of § 2255(h), the second or successive motion must present a claim

that is based on either

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

These grounds clearly relate to claims that challenge the validity of a conviction

or sentence, which are properly brought under § 2255.

In contrast, most proper § 2241 claims brought by federal inmates

challenge only the execution or administration of their sentences, *see Bradshaw v.*

*Story*, 86 F.3d 164, 166 (10th Cir. 1996), and § 2255(h)'s gatekeeping standards

bear little relation to such petitions.

> Such petitions do not attack the conviction, and, hence, the assertion of such claims do[es] not subject the petitioner's conviction to "collateral review." They do not seek to establish his innocence, or even to question the propriety of the finding of guilt. It is manifest that in designing the standards under which a second or successive petition would be allowed, Congress was contemplating only petitions that challenged the lawfulness of the conviction . . . .

*Vasquez v. Parrott*, 318 F.3d 387, 391-92 (2d Cir. 2003) (concluding that

petitions challenging only execution of sentence should not be subject to AEDPA

gatekeeping provisions); *see also Zayas v. I.N.S.*, 311 F.3d 247, 256 (3d Cir.

2002) ("In enacting AEDPA, Congress was focusing on the problem of repetitive

habeas challenges to criminal convictions, state and federal.  Congress did not undertake to address the dissimilar categories of habeas petitions filed under § 2241 . . . .")*; In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998) (noting that "section 2244–one of the gatekeeping provisions of the AEDPA–was enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions").

A typical § 2241 petition claiming that the BOP deprived the inmate of good time credits without due process, for instance, would never satisfy the gatekeeping standards.

> By definition, a prisoner challenging the administration of his sentence will not be relying on newly discovered evidence to show that a "reasonable factfinder would [not] have found the applicant guilty of the underlying offense."  Likewise, a petitioner . . . will also be unable to show that his claim "relies on a new rule of constitutional law," because the due process principles governing challenges to the procedures used to strip a prisoner of good-time credits are well-established.

*In re Cain,* 137 F.3d at 236 (first alteration in original) (citations omitted).  If the breadth of § 2244(a)'s bar, *see infra* pp. 14-15, were defined by incorporation of § 2255, a first habeas petition challenging the deprivation of good time credits would be barred, had the inmate previously challenged the "legality of his detention" in some fashion in an earlier habeas proceeding.  There is nothing in the sparse legislative history accompanying AEDPA to suggest that Congress intended to limit sentence-execution claims so dramatically.  *See* H.R. Rep. No. 104-518, at 111 (1996) (Conf. Rep.).  Had Congress intended to create a

gatekeeping mechanism in § 2244(a) like those it created in § 2255(h) and § 2244(b)(2), it could have included specific language to that effect, with appropriately tailored standards, in § 2244(a).

Additionally, if the bar erected by § 2244(a) incorporated the gatekeeping provisions of § 2255(h), federal inmates bringing §2241 petitions would inexplicably be subject to far greater restrictions than would other types of inmates who might bring § 2241 petitions. Subsection 2244(a), and thus its bar, applies only to persons in custody "pursuant to a judgment of a court of the United States." But other types of petitioners may bring § 2241 habeas petitions, such as alien detainees, military prisoners, pretrial detainees, and, in this circuit, state prisoners challenging the execution of their sentence. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001) (alien detainee); *Ackerman*, 483 F.3d at 650 (military prisoner); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (state pretrial detainee); *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) (state prisoner challenging execution of sentence). Because these petitioners are not "in custody pursuant to a judgment of a court of the United States," § 2244(a) does not apply to them. *See, e.g., Rosales-Garcia v. Holland*, 322 F.3d 386, 399 (6th Cir. 2003) (en banc) (holding § 2244(a) does not apply to § 2241 petition by alien detainee); *Ackerman*, 483 F.3d at 650 (holding § 2244(a) does not apply to § 2241 petition by military prisoner). There is no apparent reason why Congress

would limit § 2241 petitions brought by federal prisoners much more stringently than those brought by other prisoners, particularly other criminal prisoners.

Finally, were the gatekeeping provisions of § 2255(h) incorporated into § 2244(a), serious tension with § 2255 would result. Section 2255 gives a federal inmate the right to bring a habeas petition when "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). While claims rarely qualify for this escape hatch, occasionally some do. *See, e.g., Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir.1964) (holding remedy by way of §2255 inadequate or ineffective where sentencing court had since been abolished); *Cohen v. United States*, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (stating in dicta that requiring defendant who was serving concurrent sentences imposed by three different courts to bring separate § 2255 action in each court, none of which could grant him complete relief, would represent "an inadequate and ineffective avenue for judicial redress"). Should a claim under § 2241 premised on the inadequacy provision in § 2255(e), be subject to the limitations of § 2255(h) by incorporation into § 2244(a), that claim would arguably be barred notwithstanding the inadequacy of § 2255 "to test the legality of . . . detention," 28 U.S.C. § 2255(e). *Cf. In re Hanserd*, 123 F.3d 922, 30 (6th Cir. 1997) (noting final clause of § 2244(a) precludes court from interpreting § 2244(a) in fashion that would limit right conferred by § 2255(e)'s escape hatch).

We therefore conclude that the phrase "except as provided in section 2255" at the conclusion of § 2244(a) means exactly what it says: the provisions of § 2244(a) do not apply to claims that may be brought under § 2255. Accordingly, Mr. Stanko was not required by § 2255(h) to obtain circuit authorization before filing his § 2241 petition.[5]

III.

Even though Mr. Stanko did not need circuit authorization to file his § 2241 petition in federal court in Colorado, his right to have his claims heard by that court was limited by both the bar erected in § 2244(a) and the relevant case law. Long before AEDPA, and even before the enactment of § 2244, the Supreme Court developed several principles limiting the review of second or subsequent habeas petitions. *See McCleskey v. Zant*, 499 U.S. 467, 479-88 (1991)

---

[5] Nor did § 2244(b) require Mr. Stanko to obtain prior circuit authorization. Subsection 2244(b)(3) provides that "[b]efore a second or successive habeas application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Subsection 2244(b)(1) describes second or successive applications that are not permitted, and § 2244(b)(2) describes those that are. Both subsections concern only "habeas corpus application[s] under section 2254." 28 U.S.C. § 2244(b)(1), (2). Habeas petitions brought under § 2241 are not mentioned anywhere in § 2244(b). Accordingly, the requirement for prior circuit authorization contained in § 2244(b)(3) does not apply to habeas petitions brought under § 2241. *See Antonelli*, 542 F.3d at 1350; *Zayas*, 311 F.3d at 255; *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000); *Valona*, 138 F.3d at 694.

(discussing development of principles). These principles underlie the statutory

bar in § 2244(a).[6]

One principle authorized a federal court to decline to consider a habeas

petition presenting a claim that was previously raised and adjudicated in an earlier

habeas proceeding,[7] unless the court determined that hearing the claim would

serve the ends of justice. *Id.* at 480-82. When Congress enacted § 2244 in 1948,

it codified this principle.

Another principle, abuse of the writ, authorized a court to decline to hear a

second or subsequent habeas petition raising a claim that could have been

presented in an earlier petition but was not. *Id*. at 482-89. Neither the enactment

of § 2244 nor its subsequent amendment in 1966 codified this principle, because,

by its terms, the bar created in § 2244[8] did not apply to petitions presenting new

---

[6]    Our reliance on pre-AEDPA principles to interpret a provision in § 2244(a) that predates AEDPA is not at odds with the Supreme Court's recent opinion in *Magwood v. Patterson*, which eschewed reliance on "pre-AEDPA precedents and superceded statutory formulations" to interpret a provision applying to § 2254 petitions that was entirely new to AEDPA, 130 S. Ct. at 2799-800.

[7]    The Supreme Court referred to such a petition as a successive application. *Sanders v. United States*, 373 U.S. 1, 9 (1963).

[8]    Section 2244 as enacted had no subsections. Those were created by amendment in 1966, at which time the original provisions of § 2244 were recodified in subsection (a).

claims.[9]  Nonetheless, the Supreme Court concluded that Congress did not intend

§ 2244 "to change the law as judicially evolved," *Sanders v. United States*, 373

U.S. 1, 11-12 (1963).  The Court therefore held that the abuse of the writ doctrine

continued to apply to habeas petitions that raised new grounds for relief.  *Id.*;

*accord McCleskey*, 499 U.S. at 483-84; *see also George v. Perrill*, 62 F.3d 333,

335 (10th Cir. 1995) (affirming dismissal of second or successive § 2241 petition

for abuse of the writ).

When Congress amended § 2244(a) in 1996 as part of AEDPA, it removed

the provision that had previously excepted from the statutory bar petitions raising

new claims.  In its current form, the plain language of § 2244(a) applies both to

petitions that present a claim previously raised and adjudicated[10] and those that

raise a new claim.  As currently worded, § 2244(a) could be read to bar *any*

---

[9]     Following its amendment in 1966, § 2244(a) provided:

> No circuit or district judge shall be required to entertain an
> application for a writ of habeas corpus to inquire into the detention
> of a person pursuant to a judgment of a court of the United States if
> it appears that the legality of such detention has been determined by
> a judge or court of the United States on a prior application for a writ
> of habeas corpus *and the petition presents no new ground not*
> *theretofore presented and determined*, and the judge or court is
> satisfied that the ends of justice will not be served by such inquiry.

(Emphasis added.)

[10]     The amendment also eliminated the language that required a court to hear a
petition that raised claims previously raised and adjudicated when it would serve
the ends of justice.

-14-

second or subsequent habeas petition that challenges "the legality of [the petitioner's] detention" if a court has previously determined that the detention was legal. This could include claims that were raised but not adjudicated in a previous petition and even those that could not have been raised in a previous petition.

Historically, however, the Supreme Court has not given § 2244(a) such a preclusive reading. When enacted, the Court interpreted § 2244 as merely codifying the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition. *See Sanders*, 373 U.S. at 11-12. The Court additionally barred new claims under the abuse of the writ doctrine only when those claims could have been raised in an earlier application but were not. *See id.* at 17-18; *McCleskey*, 499 U.S. at 489. When Congress amended § 2244(a) in 1996 to remove the reference to new claims, it did so against this legal landscape. There is no reason to think that Congress intended to radically modify this landscape when it removed this reference. Rather, it is more likely that, by removing the language that had made § 2244(a)'s bar inapplicable to petitions raising new claims, Congress merely intended to bring within the statutory bar new claims that historically would have been barred as an abuse of the writ. We therefore consider the historical principles governing successive and abusive writs in determining how to apply the § 2244(a) bar in this case.

IV.

Mr. Stanko's current habeas petition raises six claims for relief. Two of the claims mirror those raised in the Minnesota action and two others assert the same grounds as the earlier claims, though the legal underpinnings are slightly different. In addressing the bar of successive and abusive writs, grounds may be considered the same even when supported by different legal arguments. *Sanders*, 373 U.S. at 16. The district court did not err in dismissing these four claims under § 2244(a).

Mr. Stanko's two remaining claims appear to be new. They are that 1) the BOP violated the Administrative Procedures Act ("APA") by failing to provide a comment and response period before promulgating 28 C.F.R. § 550.58[(a)(1)(vi)(B) (2000)],[11] which excludes all inmates convicted of offenses involving the carrying, possession, or use of a firearm from eligibility for early release under 18 U.S.C. § 3621(e); and 2) the BOP has not provided a rationale for excluding non-violent inmates who have been convicted of possessing sporting firearms.

Under the abuse of the writ doctrine, if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order

---

[11]     This regulation now appears at 28 C.F.R. § 550.55(b)(5)(ii).

to proceed on the new claim. *McCleskey*, 499 U.S. at 489. The same standards that govern procedural default determinations govern inexcusable neglect determinations: the petitioner must establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice, *id.* at 493, or, in the absence of cause, the petitioner must show that "a fundamental miscarriage of justice would result from a failure to entertain the claim," *id.* at 494-95.

Ordinarily, the government bears the initial burden of pleading abuse of the writ. *Id.* at 494; *see also Sanders*, 373 U.S. at 11 ("[I]t would be unfair to compel the habeas applicant, typically unlearned in the law and unable to procure legal assistance in drafting his application, to plead an elaborate negative."). In this case, the district court did not give the government the opportunity to do so; the court permitted the government to file only a limited response addressed to the single issue of exhaustion, and it then dismissed the petition sua sponte. Other courts have held that the district court may raise abuse of the writ sua sponte, so long as it gives the petitioner notice and an opportunity to respond. *E.g. Femia v. United States*, 47 F.3d 519, 522-23 (2d Cir. 1995); *United States v. Fallon*, 992 F.2d 212, 213 (8th Cir. 1993); *Andre v. Guste*, 850 F.2d 259, 261-62 (5th Cir. 1988).[12]

---

[12] This court allows procedural default to be raised sua sponte. *E.g., United States v. Talk*, 158 F.3d 1064, 1067 (10th Cir. 1998) (holding court may raise procedural default sua sponte "if doing so will further the interests of judicial

(continued...)

The district court here erred by not giving Mr. Stanko notice and an opportunity to respond before dismissing his petition as abusive. In this particular instance, however, we conclude that the district court's error was harmless. Mr. Stanko has now had an opportunity in this court to establish cause and prejudice or a miscarriage of justice on appeal, and his showing has been inadequate to establish either. The district court's failure to give him an opportunity to make his showing was, under the circumstances, harmless error.

Mr. Stanko's two new claims are based on the Ninth Circuit's opinion in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), which held that the BOP violated the APA when it promulgated its final rule implementing 18 U.S.C. § 3621(e). The Ninth Circuit concluded that the rule was arbitrary and capricious, because the BOP did not adequately articulate a rationale for the rule's categorical exclusion of inmates with felony convictions for the carrying, possession, or use of a firearm. *Arrington*, 516 F.3d at 1113-14.

Mr. Stanko contends that he had cause for not raising his two APA claims in the Minnesota proceeding because he was unaware of the Ninth Circuit's decision in *Arrington* when he filed his habeas petition in Minnesota. "[T]he

---

[12](...continued)
efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice" (internal quotation marks omitted)), *abrogated on other grounds, as recognized in United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004).

cause standard requires the petitioner to show that some objective factor external to the defense impeded [the petitioner's] efforts to raise the claim" in the earlier petition. *McCleskey*, 499 U.S. at 493 (internal quotation marks omitted). Mr. Stanko does not allege that any external impediment prevented him from discovering the grounds for relief he now raises or from including them in his earlier petition. *See Watson v. New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995) ("[P]etitioner's alleged lack of knowledge [of the procedural rules he should have followed] must be due to a lack of reasonable access to the rules as distinguished from basic ignorance of the rules or the law.").

Cause also requires that a prisoner "conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition." *Id.* at 498. The grounds upon which Mr. Stanko relies were discoverable when he filed his earlier petition. Not only did the Ninth Circuit issue its decision in *Arrington* more than a month before Mr. Stanko filed his habeas petition in Minnesota, but for many years before that the Ninth Circuit had been resolving similar challenges to the BOP's initial and interim rules, which were substantially the same as the final rule at issue in *Arrington. See, e.g., Paulsen v. Daniels*, 413 F.3d 999 (9th Cir. 2005) (discussing ongoing dispute and previous decisions). Mr. Stanko's attempt to establish cause for his failure to raise these claims in the Minnesota proceeding is unavailing, and he has not even attempted to show that a refusal to hear his claims on the merits would

result in a miscarriage of justice.  Accordingly, his claims are subject to dismissal as abusive.

V.

In sum, we conclude that a federal inmate does not need prior circuit authorization to pursue a second or successive habeas petition brought under § 2241.  Therefore, Mr. Stanko's failure to obtain prior circuit authorization did not deprive the district court of jurisdiction to consider his petition.  We further conclude that Mr. Stanko's § 2241 petition was subject to § 2244(a), and that the traditional doctrines governing successive and abusive writs inform our application of that subsection's bar.  In accordance with those principles, we conclude that Mr. Stanko's petition was subject to dismissal under § 2244(a) as both successive and abusive.  Although the district court erred in not giving Mr. Stanko notice and an opportunity to respond before dismissing his petition sua sponte, the error was harmless because Mr. Stanko did have an opportunity on appeal to establish either cause and prejudice or a miscarriage of justice and his showing on both points was inadequate.

Mr. Stanko's motion to proceed informa pauperis on appeal is GRANTED, and the judgment of the district court is AFFIRMED.