**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ZENO EUGENE SIMS,

　　　　Petitioner-Appellant,

v.

CLAUDE CHESTER,

　　　　Respondent-Appellee.

No. 11-3212

(D. of Kan.)

(D.C. No. 5:09-CV-03082-RDR)

**ORDER AND JUDGEMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

Zeno Eugene Sims, a federal prisoner proceeding pro se, appeals from an order dismissing his 28 U.S.C. § 2241 habeas corpus petition. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's order of dismissal.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Sims is currently serving a 235-month federal sentence at United States Prison-Leavenworth for the distribution of cocaine base. After he serves his federal time he will be transferred to Jackson County, Missouri to serve a 30-year state sentence for murder. The federal court held Sims's federal sentencing hearing two weeks before the state court held its sentencing hearing, and the federal court stated that Sims's federal sentence would run concurrently with the state sentence which had not yet been imposed. The state court, however, disagreed and imposed a consecutive sentence. When the Bureau of Prisons (BOP) attempted to transfer Sims to state custody so that he could begin serving the sentences concurrently, Missouri refused to take custody of Sims until he completed his federal sentence.

Sims asks this court to issue a *nunc pro tunc* order to the BOP requiring it to transfer him to the custody of Missouri so that he can serve his state sentence concurrently with his federal sentence, in accordance with the federal court's order.

This is not the first time that Sims has made this request. In 2004 he filed an essentially identical petition in the District of Louisiana, where the court denied his petition on the merits. R., Vol. I, Doc. 8-2, Attachment 3, Ex. F at 265, *Sims v. Tapia*, No. 04-CV-0227-A (W.D. La. August 24, 2004). He has also sought relief from the sentencing court, R., Vol. II, Doc. 8-3, Attachment 3 at

270–95, *United States v. Sims*, No. 2:01-cr-04030 (W.D. Mo.), and through an administrative process before the BOP.

Sims filed this petition in the District of Kansas which dismissed his petition as successive, finding he presented the same claims to the Western District of Louisiana and that they were resolved on the merits.

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (internal quotation marks omitted). Because Sims is proceeding pro se, we construe his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Although "a federal inmate does not need prior circuit authorization to pursue a second or successive habeas petition brought under § 2241," the provisions of § 2241 are subject to § 2244(a) and "the traditional doctrines governing successive and abusive writs inform our application of that subsection's bar." *Stanko v. Davis*, 617 F.3d 1262, 1272 (10th Cir. 2010). One of these principles "authorize[s] a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *Id.* at 1269.

Sims raises no new claims before us and makes no attempt to argue that the earlier court proceeding did not provide him with a full and fair hearing on the merits. The district court was correct to dismiss his petition as successive.

Affirmed.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge