**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK BANKS,

              Petitioner - Appellant,

v.

WARDEN, FTC, OKLAHOMA;
FEDERAL BUREAU OF PRISONS;
UNITED STATES PAROLE
COMMISSION,

              Respondents - Appellees.

No. 11-6192
(D.C. No. 5:11-CV-00151-C)
W.D. Oklahoma

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

       After examining Appellant's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The court therefore orders the case submitted without oral argument.

_____

       [*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Frederick Banks, proceeding *pro se*, appeals the district court's denial of the habeas corpus petition he filed pursuant to 28 U.S.C. § 2241. Invoking the Administrative Procedures Act, three repealed statutes, and his own gross misinterpretation of the Indian canon of construction, Banks argues the Bureau of Prisons ("BOP") failed to properly calculate his earned credits and the United States Parole Commission failed to consider him for parole. The district court dismissed with prejudice all Banks's claims against all Defendants, concluding the habeas action was successive because Banks has previously raised the claims in prior § 2241 actions. *See Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010) (holding that the bar on second or successive habeas petitions and the abuse-of-the-writ doctrine apply to § 2241 petitions when petitioner is attempting to raise issues that were or could have been decided in prior habeas actions).

Our jurisdiction over Banks's appeal arises under 28 U.S.C. § 1291. Having reviewed Banks's appellate brief, the magistrate judge's Reports and Recommendations, the district court's Order, and the entire record on appeal, we **affirm** the dismissal of Banks's § 2241 habeas petition for substantially the reasons stated by the district court. We **deny** Banks's request to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

-2-