FILED
United States Court of Appeals
Tenth Circuit

November 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES HARPER,

        Petitioner-Appellant,

v.

LINDA SANDERS, Warden, U.S.P.
Lompoc,

        Respondent-Appellee.

No. 11-1439
(D.C. No. 1:10-CV-01256-MSK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **EBEL**, Circuit Judges.


James Harper, a former spy and federal prisoner proceeding pro se, appeals

from an order of the district court dismissing his 28 U.S.C. § 2241 habeas corpus

petition.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.    BACKGROUND

In April 1984, Harper entered into a plea agreement with the United States by entering a plea of guilty to one count of selling and delivering confidential materials relating to national security in exchange for his cooperation (eight other counts were dropped). Along with immunity provisions, the plea agreement included a section stating that if the United States determined Harper's cooperation led to substantial value of benefit, it would ask that Harper be given credit or consideration in connection with any parole commission proceeding. The agreement also included a provision prohibiting the use of any of Harper's post-arrest statements against him in any civil or administrative proceeding.

Harper was given a life sentence. He became eligible for parole in 1993 and, in 1994, a Pre-Hearing Assessment was prepared in anticipation of Harper's parole hearing. It included information contained in a post-sentence report ("PSR") prepared in 1987 that recounted the actual damage caused by Harper's espionage activities. The Assessment recommended a decision more than 48 months above the minimum guideline range because Harper's conduct had and would continue to have a significant impact on the United States. Harper complained that the use of this "actual damage" information from the PSR was prohibited by his plea agreement. The Parole Commission held a hearing at which it disagreed with Harper's objection to the use of "actual damage" information; it recommended continuation to a 15-year reconsideration hearing in 2009. The National Appeals Board affirmed in spite of

finding that the "actual damage" information should not have been considered because it was in fact prohibited by the plea agreement.

Harper filed a petition for writ of habeas corpus challenging the Commission's decision in the U.S. District Court for the District of Oregon. The district court found that the factors the Parole Commission relied upon in exceeding the lower limit by more than 48 months were not in violation of Harper's plea agreement. The Ninth Circuit affirmed.

In 2007, Harper pled guilty to one count of "Providing or Possessing Contraband in Prison," a class B misdemeanor, for his role in storing and distributing tobacco in prison.

Harper's 15-year reconsideration hearing was held in 2009, and the hearing examiner recommended a presumptive parole date. However, the executive reviewer disagreed because of aggravating factors related to Harper's espionage and his 2007 infraction. During the hearing, the examiner recounted the "actual damage" portion of the 1987 PSR that Harper objected to in his prior parole hearing. The Parole Commission ordered Harper's sentence to be continued to expiration and the National Appeals Board affirmed.

Harper then filed his current petition for writ of habeas corpus under 28 U.S.C. § 2241 in the District of Colorado making 12 separate claims. The district court denied the petition and Harper now appeals.

II.    DISCUSSION

   A. Claims Two through Seven

The district court dismissed claims two through seven for being secondary and successive after finding that the Ninth Circuit had already ruled on the same claims in Harper's 1994 habeas petition.  Harper contends that this was error because the Parole Commission's 2009 decision qualifies as a "new judgment" consistent with the Supreme Court's holding in *Magwood v. Patterson*, 130 S. Ct. 2788, 2792 (2010), which established that a prisoner's second habeas petition is not "second and successive" when challenging a new judgment.  The government argues that *Magwood* applies only when a new sentence was imposed as a result of a first successful habeas proceeding and is thus inapplicable here because Harper's first petition was denied.  We review the district court's legal conclusions in dismissing a § 2241 petition de novo.  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

At the outset, although the district court dismissed the claims for being secondary and successive, it must be clarified that the phrase "second or successive" as we have come to know it following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is not at issue in this case.  Post-AEDPA, "second or successive" is used in reference to § 2244(a).  But § 2244(a)'s structure does not apply to federal prisoners challenging execution of their sentence under § 2241; instead, "the traditional doctrines governing successive and abusive writs

- 4 -

inform our application of that subsection's bar." *Stanko v. Davis*, 617 F.3d 1262, 1272 (10th Cir. 2010). Because this is a § 2241 petition, whether claims two through seven are second or successive is evaluated according to the principles governing successive and abusive writs prior to enactment of the AEDPA. *See Stanko*, 617 F.3d at 1268-69. One of these principles is that a court may "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *Id*. at 1269.

On appeal, Harper does not dispute that claims two through seven are essentially the same challenges that he made in his earlier, already adjudicated § 2241 proceeding; rather, he relies on the application of the "new judgment" rule in *Magwood* to prevent his claims from being barred as successive.

In *Magwood*, the district court conditionally granted the petitioner's § 2254 habeas application challenging his death sentence. The state trial court then conducted a new sentencing hearing and again sentenced the petitioner to death, whereupon he brought another habeas application challenging the new sentence. The district court again conditionally granted the petitioner's application based on a new ineffective-assistance-of-counsel argument. But the Eleventh Circuit reversed, holding that the petitioner's challenge to his new death sentence was an unreviewable "second or successive" challenge under 28 U.S.C. § 2244(b). The court reasoned that

- 5 -

the petitioner could have brought the same claims when he challenged his original death sentence.

The Supreme Court reversed, holding that the petitioner's application challenged a new judgment and was therefore not "second or successive" under § 2244(b). *Magwood*, 130 S. Ct. at 2801 ("This is [petitioner's] *first* application challenging that intervening judgment. The errors he alleges are *new*.") (emphasis in original). Looking at the statutory context, the Court concluded that § 2254 is not a claims-focused statute but one that relies on whether the petitioner's application challenges the same state-court *judgment*. *Id*. at 2790 ("Both § 2254(b)'s text and the relief it provides indicate that 'second or successive' must be interpreted with respect to the judgment challenged."). As such, because abuse-of-the-writ rules—as modified by § 2244(b)(2)—did not apply at all to the petitioner's application challenging the new sentence, his application could not have been "second or successive."

Here, the issue is whether the 2009 decision to deny Harper parole qualifies as a "new judgment" being challenged for the first time, and not a "second or successive" challenge of the Commission's 1994 decision.

The government argues that Harper's claims are "second or successive" because the factual basis for the Commission's 2009 decision was the same as its 1994 decision, which Harper has already challenged unsuccessfully. Moreover, the government cites the Fifth Circuit case *In re Lampton* to show that *Magwood* applies

"only when a new sentence was imposed as a result of the first habeas proceeding." 667 F.3d 585, 589 (5th Cir. 2012). Although the majority in *Magwood* did not make that specific distinction, all the cases cited in support of its holding involved habeas applicants whose first petition was granted.

In those cases, however, there could not have been a new judgment without a successful challenge to the original judgment. Here, on the other hand, Harper had the opportunity for a parole hearing in 1994 and, after being denied, had another opportunity for a parole hearing 15 years later in 2009. The occurrence of the 2009 parole hearing—and subsequent judgment—did not depend upon the success of Harper's habeas petition challenging his 1994 parole denial; a new hearing and decision was scheduled to occur independent of the outcome of the 1994 proceeding. Harper thus argues that the Commission was mandated to give a full reassessment of his case without any deference to previous rulings by the Commission or the courts, making 28 U.S.C. § 2244(a) inapplicable because it is a new judgment.

Harper's argument that *Magwood*'s "new judgment" rule should apply to his § 2241 petition is ultimately unavailing. The Court in *Magwood* specifically declined to address or constrain the scope of habeas petitions challenging parole. 130 S. Ct. at 2800 n.12 ("We address only an application challenging a new state-court judgment for the first time."). Indeed, the Court noted that its ruling does *not* constrain the scope of § 2254 as applied to state prisoners challenging the execution of their sentences—which are equivalent to § 2241 petitions in the Tenth Circuit—as

- 7 -

the Court has previously defined it.  *Id*.; *see also Martin v. Bartow*, 628 F.3d 871, 878 (7th Cir. 2010) (noting that *Magwood* "left undisturbed precedent concerning the scope of habeas review for challenges to parole decisions.").  Nor has any other court applied *Magwood* to § 2241 petitions or § 2254 petitions challenging parole decisions.  The district court did not err when it found claims two through seven second or successive.

B.  Claim Eleven

Harper next argues the district court erred when it found the Parole Commission's determination that his misdemeanor conviction for "providing or possessing contraband in prison" under 18 U.S.C. § 1791 was akin to "trafficking in contraband cigarettes" under 18 U.S.C. § 2342—for purposes of determining his salient factor score—was not arbitrary and capricious.  When offense behavior is not listed in the Commission's regulations, "the proper [offense severity] category may be obtained by comparing the severity of the offense behavior with those of similar offense behaviors" that are listed.  28 C.F.R. § 2.20, Chapter Twelve.  The offense to which Harper pled guilty is not listed in the regulations.  Thus, the Commission decided Harper's § 1791 violation was similar to § 2342, a listed offense, which is graded as tax evasion pursuant to Guideline 501(e) (providing that if the amount of tax evaded is between $2,000 and $40,000, it should be graded as a category three offense).  As a consequence, the Commission reduced Harper's salient factor score from nine ("very good" parole prognosis) to a six ("good" parole prognosis).

Harper contends the Commission's decision was arbitrary and capricious for two reasons. First, Harper asserts that even though the two offenses are similar in nature, § 1791 and § 2342 are "grossly incomparable in severity" because § 1791 is a class B misdemeanor with a maximum sentence of six months while § 2342 is a class E felony with a maximum sentence of 60 months. Since the two offenses are not reasonably comparable, Harper argues that the Commission was required to grade his offense according to the formula outlined in 28 C.F.R. § 2.20, Chapter 12, which would dictate grading § 1791 as category one instead of category three.

Second, Harper argues that even if comparing his offense to § 2342 was reasonable, the Commission still acted arbitrarily and capriciously when it graded his offense based on evading at least $2,000 in taxes even though he only evaded $1,233 in taxes.[1] The difference is notable because under § 2.20, Chapter Five, Subchapter A, 501(f), if the amount of tax evaded is less than $2,000, the offense should be graded as category one instead of category three, as Harper's offense was graded.

We review the Commission's decisions under the rational-basis standard, and review de novo the district court's decision to deny habeas relief. *Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir. 2010). It is true that 28 C.F.R. § 2.20 instructs the Commission to compare the *severity* of the unlisted offense behavior with those of listed behaviors, not just the nature of the behavior itself. Accordingly, it is not

---

[1]    As Harper correctly notes, the roughly $11,000 he earned as a result of the offense behavior was his gross income, not amount of tax evaded.

insignificant that the Commission compared Harper's offense to an offense with a maximum sentence more than 10 times the maximum of Harper's. However, this court need only find the Commission had a rational basis to compare the two offenses, and in spite of the wide gap in maximum sentences, the language of § 2342 ("It shall be unlawful for any person knowingly to…receive, possess, sell, distribute, or purchase contraband cigarettes…") aligns closely with Harper's conduct.

As to Harper's tax argument, the Commission apparently did use Harper's gross income to grade his offense instead of the amount of tax evaded only. However, Harper failed to raise this issue in the district court, and generally "we do not review matters raised for the first time on appeal." *Shell Rocky Mountain Prod., LLC v. Ultra Res., Inc.*, 415 F.3d 1158, 1164 (10th Cir. 2005). In any event, under the Commission's guidelines, aggravating circumstances may justify a departure from the severity rating listed. Because the Commission found there were indeed aggravating factors, departing from the listed severity rating was within the Commission's discretion. Thus, the district court did not err in concluding the Commission's treatment of Harper's 2007 offense was not arbitrary and capricious.

C. Claim Twelve

Lastly, Harper contends that there was no rational basis in the record to support the Commission's conclusion that he is willing to violate the law for personal profit and would thus be unlikely to abide by the law if released. The crux of Harper's argument is that the aggravating factors the Commission used to come to its

conclusion—that he was paid over $11,000 to participate in a tobacco distribution conspiracy—were "discrete" actions that had already been considered as part of his salient factor score and parole prognosis, which still graded him as a "good" parole risk even after considering his 2007 infraction. Harper asserts that this amounted to improper "double-counting," and that the Commission should have instead followed the parole prognosis consistent with his salient factor score of six by granting him parole. As the district court noted in its order, however, the Commission denied parole for "the same reasons" Harper was previously denied parole, which did not include consideration of his later-committed § 1791 violation. Order Den. Appl. for a Writ of Habeas Corpus Brought Pursuant to 28 U.S.C. § 2241 at 29. Moreover, the fact that Harper's original conviction was for selling classified documents for financial gain and his 2007 offense involved outlawed activity for financial gain provided the Commission at least a rational basis in deciding he would be unlikely to abide by the law if released. The district court did not err in concluding the Commission acted without caprice.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge