**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHAD ANGLE,

        Petitioner - Appellant,

v.

LAURIE TAFOYA; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 14-1139
(D.C. No. 1:13-CV-03424-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Chad Angle seeks a certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 petition for habeas relief. We deny a COA and

dismiss the appeal.

**I**

Angle pled guilty in Colorado state court to second degree assault. He was

sentenced to two years of intensive supervised probation and did not appeal. Shortly

thereafter, the state court found that Angle violated several probation conditions. He

_____

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

was sentenced to six years' incarceration. Again, Angle did not file an appeal in state court, nor has he filed any state post-conviction motions for relief.

On December 18, 2013, Angle filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. But habeas relief is available to state prisoners under § 2254, not § 2255, which affords habeas relief to federal prisoners. See Stanko v. Davis, 617 F.3d 1262, 1266-67 (10th Cir. 2010). A magistrate judge directed Angle to cure this deficiency by filing under § 2254. Angle complied. In a Pre-Answer Response, the government argued that Angle failed to exhaust state remedies, as required before a state prisoner can seek relief under § 2254. See § 2254(b)(1). The state noted that Angle has until January 2016 to seek post-conviction relief in Colorado state court under Colo. R. Crim. P. 35(c). Angle replied that the exhaustion requirement should be excused because his state public defender prevented him from exhausting, he lacked the legal resources to pursue state claims, and state remedies would be unusable or ineffective. He also insisted that the district court address his § 2255 motion.

The district court dismissed Angle's § 2254 petition for failure to exhaust state remedies. It explained that Angle's claims could not be asserted under § 2255 because he was not challenging a federal sentence and was not in federal custody. See § 2255(a). And the court ruled that a Colorado Rule 35(c) post-conviction motion provided an available state corrective process. It also noted that Angle had sufficient access to legal resources to pursue state remedies, given that he had been

-2-

able to submit federal court filings. Thus, the district court ruled that Angle failed to meet his evidentiary burden of proving that exhaustion was futile.

## II

Angle may not appeal the denial of a § 2254 petition without a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA only if "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this standard, Angle must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). If § 2254 relief is denied on procedural grounds, the applicant must additionally show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." Id.

We construe Angle's filings liberally because he is a pro se litigant, but we will not act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "A state prisoner generally may not raise a claim for federal habeas corpus relief unless he 'has exhausted the remedies available in the courts of the State.'" Selsor v. Workman, 644 F.3d 984, 1026 (10th Cir. 2011) (quoting § 2254(b)(1)(A)). "To exhaust a claim, a state prisoner must pursue it through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." Id. (quotation omitted). Failure

to exhaust may be excused if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(B)(i), (ii).

"The state prisoner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile." Selsor, 644 F.3d at 1026 (citation omitted). Angle has not met his burden. It is undisputed that he has not presented any of his claims to a Colorado state court. Angle contends that he cannot obtain a fair and impartial ruling in state court, but advances only implausible and unsupported allegations in support of that theory. No reasonable jurist would debate that the district court correctly dismissed his § 2254 petition for failure to exhaust state remedies.

## III

We **DENY** Angle's application for a COA, **DENY** his motion to proceed in forma pauperis, and **DISMISS** this appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-4-