**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRANDON CHE LEE,

     Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

     Respondent - Appellee.

No. 16-3021
(D.C. No. 5:14-CV-03205-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Mr. Brandon Che Lee is a federal prisoner who seeks habeas relief under 28 U.S.C. § 2241. He claims that (1) he is being incarcerated under a false criminal case, No. SACR07-AG-1, and (2) prison officials are

---

[*]     The Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

     Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

poisoning his food. The court dismissed

- the first claim on grounds that the claim was duplicative, successive, and abusive and

- the second claim on grounds that it had been improperly raised and was duplicative.

The court also dismissed both claims on the ground that Mr. Lee had failed to pay the filing fee or move for leave to proceed in forma pauperis. Mr. Lee appeals and seeks leave to proceed in forma pauperis. We affirm and decline to grant leave to proceed in forma pauperis.

## The Appeal

The first claim was previously asserted in *Lee v. Maye*, No. 14-3054-RDR, 2014 WL 1643521 (D. Kan. Apr. 24, 2014) (unpublished). There, the federal district court dismissed the claim, holding that Mr. Lee could not prosecute a habeas petition under § 2241 because he had an adequate, effective remedy under 28 U.S.C. § 2255. *Id.* at *2. Mr. Lee did not appeal from this ruling. Instead, he asserted the same claim in this action. We agree with the district court's conclusion that the claim is duplicative with the one previously asserted in *Lee v. Maye*, No. 14-3054-RDR (D. Kan.). *See Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010); 28 U.S.C. § 2244(a).

The district court dismissed the second claim on two grounds: (1) Section 2241 is not the proper vehicle for bringing a conditions-of-

2

confinement claim and (2) the claim was duplicative. We need not decide whether this claim was duplicative. Because the poisoning of food would not affect the fact or duration of Mr. Lee's confinement, the district court could not have awarded habeas relief even if Mr. Lee had proven the allegations in his petition. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). In these circumstances, the district court acted correctly in dismissing the claim.

We affirm.

### Leave to Appeal in Forma Pauperis

Mr. Lee also requests leave to appeal in forma pauperis. The district court denied his request, partially on the ground that Mr. Lee's habeas petition was frivolous. *See* 28 U.S.C. § 1915(a)(3). Because we agree that Mr. Lee's habeas petition was frivolous, we too deny Mr. Lee's request to appeal in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3