FILED
United States Court of Appeals
Tenth Circuit

July 31, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOHN SCOTT PINKERTON,

     Defendant - Appellant.

No. 17-8038
(D.C. Nos. 1:13-CR-00170-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

John Scott Pinkerton pled guilty to attempted online enticement of a minor in

violation of 18 U.S.C. § 2422(b), and, consistent with a plea agreement executed pursuant

to Fed. R. Crim. P. 11(c)(1)(C), received the statutory minimum sentence of ten years'

imprisonment. After a prior motion for relief under 28 U.S.C. § 2255 was dismissed as

untimely, he filed a pleading entitled "Constitutional Challenge to Statute of 18 U.S.C.

§ 2422(b)," claiming that the statute underlying his conviction is unconstitutional on its

face and as applied to him. R. Vol. 2 at 11-12. The district court concluded the pleading

was in substance a second or successive § 2255 motion and dismissed it for lack of the

circuit authorization required under 28 U.S.C. §§ 2244(b)(3) and 2255(h). Because the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

correctness of that disposition is not debatable by reasonable jurists, we deny a COA and dismiss the appeal. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating standard for COA).

In his appellate brief, Mr. Pinkerton continues to argue the merits of his motion but does not explain how the district court erred in characterizing it as a second or successive § 2255 motion. A challenge to the validity of a federal conviction is properly brought under § 2255, *see, e.g.*, *Stanko v. Davis*, 617 F.3d 1262, 1267 (10th Cir. 2010), and Mr. Pinkerton's claim that the statute underlying his conviction is unconstitutional plainly entails such a challenge. Thus, because the dismissal of his first § 2255 motion as time-barred constituted a decision on the merits rendering the instant motion second or successive, *see In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011), the district court properly dismissed the latter for lack of jurisdiction after concluding, appropriately, that a transfer to this court to consider authorization under the standards in § 2255(h) would be futile, *see In re Cline*, 531 F.3d 1249, 1250-52 (10th Cir. 2008) (per curiam). In the latter regard, we note Mr. Pinkerton's motion did not cite either newly discovered evidence of innocence, *see* 28 U.S.C. § 2255(h)(1), or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, *see id.* § 2255(h)(2).

Mr. Pinkerton also briefly asserted in his motion that the "only sexual activity that the federal government can actually prosecute . . . [under] § 2241 et seq, is acts committed while in federal territory." R. Vol. 2 at 15. On appeal he adds he "has never been provided proof of subject-matter jurisdiction . . . as mandated under . . . 40 USC § 3112(b) [relating to acquisition of federal jurisdiction over land ceded by States]."

Aplt. Combined Opening Br. and App. for COA at 4 (also referring in this regard to federal legislative authority granted by U.S. Const. art. I, § 8, cl. 17). This objection falls squarely within the scope of § 2255, which encompasses claims "that the court was without jurisdiction to impose . . . sentence" on the defendant. 28 U.S.C. § 2255(a). Because it could have been brought in Mr. Pinkerton's first § 2255 motion, it was subject to dismissal for the same reason as his challenge to the constitutionality of § 2422.

On appeal, Mr. Pinkerton complains of his allegedly invalid commitment to the Federal Bureau of Prisons pursuant to statutes that have "not been properly enacted under Public Law, nor placed in the Statutes at Large." Aplt. Combined Opening Br. and App. for COA at 4. This claim was not raised in the pleading dismissed by the district court and thus has nothing to do with whether that pleading should have been treated as a second or successive § 2255 motion.

Mr. Pinkerton asks this court, as he did the district court, to certify his challenge regarding § 2422 to the Attorney General under 28 U.S.C. § 2403(a). Indeed, he insists it was error for the district court not to do so. But § 2403(a)—and Fed. R. App. P. 44(a) and Fed. R. Civ. P. 5.1, which also address certification of constitutional challenges to federal statutes—concern notice to the United States of such challenges *when the government is not a party to the action*, so that the United States may intervene to defend the statute under attack. Here, the United States is a party.

The request for a COA is denied, the appeal is dismissed, and the motion for certification is denied. Because Mr. Pinkerton has failed to advance a non-frivolous argument in support of this appeal, we deny his motion to proceed in forma pauperis and

3

"remind him of his obligation to pay the filing fee even though his request for a COA has been denied." *Clark v. Oklahoma*, 468 F.3d 711, 715 (10th Cir. 2006).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk
