**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD KEITH DEMBRY,

Petitioner - Appellant,

v.

WARDEN DON HUDSON,

Respondent - Appellee.

No. 20-3123
(D.C. No. 5:20-CV-03158-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This appeal stems from a series of habeas petitions growing out of

Mr. Edward Keith Dembry's conviction for possessing ammunition after a

felony conviction. *See* 18 U.S.C. § 922(g)(1). As a federal prisoner, Mr.

Dembry could collaterally challenge his conviction by moving to vacate his

---

[*]     We conclude that oral argument would not materially help us to
decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

     Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R.
32.1(A).

sentence under 28 U.S.C. § 2255. Mr. Dembry instead sought habeas relief under 28 U.S.C. § 2241. But he could pursue habeas relief under § 2241 only if the remedy under § 2255 had been inadequate or ineffective. 28 U.S.C. § 2255(e). Mr. Dembry nonetheless filed five habeas petitions under § 2241—one in the Southern District of Indiana, one in the Western District of Pennsylvania, and three in the District of Kansas.

This appeal involves the fifth of these petitions. The threshold issue is whether to entertain the appeal because it involves Mr. Dembry's fifth habeas petition. *See* 28 U.S.C. § 2244(a); *Stanko v. Davis*, 617 F.3d 1262, 1270–71 (10th Cir. 2010). The last three habeas petitions involved the same claim—that the trial court failed to instruct the jury that the government had needed to prove that Mr. Dembry knew of his status prohibiting possession of ammunition. In each of the three habeas cases, the district court declined to consider the merits, reasoning that Mr. Dembry hadn't shown why a remedy under § 2255 would be inadequate or ineffective.

Because this appeal involves Mr. Dembry's fifth habeas petition, he argues that the U.S. Constitution requires consideration of intervening judicial interpretation of statutes. He is apparently referring to *Rehaif v. United States*, 139 S. Ct. 2191 (2019). But even if *Rehaif* applied, the district court couldn't grant relief unless the remedy under § 2255 was inadequate or ineffective. And § 2255 wasn't inadequate or ineffective just

2

because the district court had to rule without the benefit of *Rehaif*. *Dembry v. Hudson*, 796 F. App'x 972, 975 (10th Cir. 2019) (unpublished); *accord Jackson v. Hudson*, 822 F. App'x 821, 824 (10th Cir. 2020) (unpublished) (stating that § 2255's procedure isn't ineffective or inadequate even though *Rehaif* hadn't been decided when the petitioner filed his § 2255 motion). We thus affirm the dismissal. *See Poindexter v. Nash*, ___ F. App'x ___, 2020 WL 5901175, at *2 (5th Cir. Oct. 5, 2020) (per curiam) (unpublished) ("[R]egardless whether . . . *Rehaif* applies retroactively . . . , [the petitioner] has not established that the district court erred in determining that he did not meet the requirements of the savings clause of § 2255(e).").

Mr. Dembry has also moved for leave to proceed in forma pauperis. Because he cannot afford to prepay the filing fee, we grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3