FILED
United States Court of Appeals
Tenth Circuit

June 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY MARK ZARING,

      Petitioner–Appellant,

v.

BLAKE DAVIS,[*] Warden, Federal Prison
Camp Florence,

      Respondent–Appellee.

No. 11-1036
(D.C. No. 1:09-CV-00689-PAB-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **LUCERO**, **EBEL**, and **GORSUCH**, Circuit Judges.

      Jeffrey Zaring, a federal prisoner proceeding pro se, appeals the denial of his 28

U.S.C. § 2241 petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      * Pursuant to Fed. R. App. P. 43(c)(2), Davis is substituted for former warden Ron Wiley.

      ** The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

# I

Zaring was arrested in Utah on state charges in mid-November 2003. He posted bond a week later. On December 8, 2003, state law enforcement arrested Zaring a second time. The state charges relating to the second arrest were later dismissed in favor of federal charges stemming from the same incident. Zaring was released the following day, but arrested a third time on December 11 on additional state drug charges. Following this third arrest, Zaring was held in Davis County jail.

On February 11, 2004, the United States Attorney's office filed a petition for writ of habeas corpus ad prosequendum to arraign Zaring on federal drug charges. Although the writ issued, Zaring remained physically housed in the county jail. In order to try Zaring on the state charges, the State of Utah issued its own writ of habeas corpus ad prosequendum on August 12, 2004. Zaring was sentenced in state court on November 23, 2004, to a term of one to fifteen years, with the sentence to run concurrently with any sentence imposed for the pending federal charges.

On May 16, 2005, Zaring pled guilty to federal drug charges and was sentenced to 121 months' imprisonment, to run concurrently with his state sentence. He was returned to state custody on May 23, 2005. Zaring was transferred to the Utah State Prison on June 3, 2005, where he served the remainder of his state sentence. He received credit against his state sentence for the entire time he spent in Davis County jail. On February 7, 2006, Zaring completed his state sentence and was transferred to federal custody.

After the transfer, and after exhausting his administrative remedies, Zaring filed a

§ 2241 petition arguing that he should receive credit against his federal sentence for his pre-trial detention. The district court denied relief. Zaring now appeals.

**II**

A federal prisoner is entitled to credit for pre-trial detention resulting from "the offense for which the sentence was imposed" or "any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that the same period of time "has not been credited against another sentence." 18 U.S.C. § 3585(b).

Zaring's opening brief does not dispute the fact that he received credit against his state sentence for his period of pretrial detention.[1] As the district court correctly held below, Zaring's arguments regarding the propriety of the state sentence credit are immaterial. Section 3585(b) is clear. If one sentence is reduced by a pre-trial detention credit, the credit cannot be applied against another sentence—regardless of whether it was properly applied to the first sentence. Zaring's pretrial detention was credited against his state sentence and cannot also be credited against his federal sentence.

In addition to the claim he advanced in his § 2241 petition, Zaring asserts two new arguments on appeal. He claims his federal sentence was impermissibly interrupted by his state sentence, and that his sentences were not truly concurrent despite the sentencing

---

[1] His reply brief can be read as making such an argument. But arguments not made in the opening brief are abandoned. See City of Colo. Springs v. Solis, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009).

orders of both the federal and state courts.  But we generally do not review issues that were not advanced below.  See Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007). This rule carries particular force when the new claims should have been administratively exhausted, and the record does not show that Zaring ever presented his new claims to prison officials.  Accordingly, we will not consider them for the first time on appeal.

### III

We **AFFIRM** the district court's denial of Zaring's § 2241 petition.  We **DISMISS** Zaring's application for a certificate of appealability as moot.  See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997).  We **GRANT** his motion to proceed in forma pauperis.


Entered for the Court


Carlos F. Lucero
Circuit Judge