FILED
United States Court of Appeals
Tenth Circuit

February 13, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JEFFREY MARK ZARING,

Petitioner–Appellant,

v.

BLAKE DAVIS, Warden, F.P.C. Florence,

Respondent–Appellee.

No. 12-1348
(D.C. No. 1:12-CV-00944-CMA)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner Jeffrey Zaring, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 habeas petition. Petitioner was arrested by Utah

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

state authorities in December 2003 for several drug-related offenses. These charges were dismissed in favor of a federal prosecution stemming from the same incident. However, Petitioner was held by the state on a previous drug charge for a state offense and was ultimately sentenced to a one- to fifteen-year term of imprisonment. The state sentence was designated to be served concurrent to any future federal sentence.

Petitioner was subsequently sentenced by the United States District Court for the District of Utah to 121 months' imprisonment for the December 2003 offense. The district court ordered the federal sentence to be served concurrent to the state sentence. Petitioner was then returned to state custody to serve his state sentence. State authorities credited Petitioner with pre- and post-conviction jail time for the time spent in custody during both prosecutions up until the time he was returned to state custody. Upon the completion of his state sentence, Petitioner was released to federal custody. He is currently serving the remainder of his federal sentence.

In 2009, Petitioner filed a § 2241 petition arguing he should have received credit against his federal sentence for his pre-trial detention. The district court denied relief, and we affirmed. *Zaring v. Davis*, 426 F. App'x 644, 644-45 (10th Cir. 2011). Approximately one year later, Petitioner filed the instant petition. Construing his petition liberally, the district court considered Petitioner to have asserted three claims: (1) Petitioner should receive credit against his federal sentence for his pre-trial detention; (2) the orders designating Petitioner's sentences to run concurrently require that he receive credit for the time spent in state custody before his federal sentence was imposed; and (3)

Petitioner's federal sentence was impermissibly interrupted by his state sentence.[1] The district court concluded Petitioner's first claim was successive to that raised in his first § 2241 petition, and therefore barred by 28 U.S.C. § 2244(a). *Id.* ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ."). It then concluded Petitioner's second and third claims were barred by the common law abuse of the writ doctrine, under which "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010). Petitioner had failed to allege any facts to show that his failure to raise the second and third claims before the district court in his first petition was the result of anything other than inexcusable neglect.[2] The district court alternatively concluded each of Petitioner's

---

[1] On appeal, Petitioner argues Respondent and the district court improperly recharacterized his claims in an apparent attempt to avoid his true claims, on which he would succeed. However, despite repeated reference to the full faith and credit clause of the Constitution and repeated assertions that Respondent has procedurally defaulted, Petitioner fails to explain the true nature of his claims. After carefully reviewing the record on appeal, we are unable to discern anything other than a well-intentioned attempt on the part of both Respondent and the district court to liberally construe and address Petitioner's claims.

[2] Petitioner did raise his second and third claims on appeal in *Zaring*. 426 F. App'x at 645 ("In addition to the claim he advanced in his § 2241 petition, Zaring asserts two new arguments on appeal. He claims his federal sentence was impermissibly interrupted by his state sentence, and that his sentences were not truly concurrent despite

-3-

three claims failed on the merits.  It accordingly denied his petition.

Having thoroughly reviewed the parties' briefing and the record on appeal, we see no error in the district court's denial of Petitioner's § 2241 petition on procedural grounds.  Therefore, for substantially the same reasons set forth by the district court, we **AFFIRM**.  Petitioner's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

the sentencing orders of both the federal and state courts.").  Because these claims were not raised below, we did not address them on appeal.  *Id.*