28 F.3d 114
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Noah VANCE, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION and Willie Scott, Warden,
Respondents-Appellees.
 No. 94-3043.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Vance, initially confined at USP Leavenworth, appears pro se and challenges the district court's dismissal of his habeas corpus petition, 28 U.S.C. 2241, as successive and an abuse of the writ, 28 U.S.C. 2244(a). Mr. Vance claims that the Parole Commission (1) relied on "nonexistent underlying offenses" in applying its parole guidelines and rating the severity of his conduct in connection with escape attempts, and (2) deprived him of his Sixth Amendment right to trial by jury by effectively increasing the sentences associated with other offenses. The government moved to have the entire action dismissed as successive. R. doc. 5 at 9. We review the district court's determination that a petition is abusive or successive for an abuse of discretion. Sanders v. United States, 373 U.S. 1, 18-19 (1963). Abuse of discretion may occur if factual findings are clearly erroneous or the case is decided in accordance with incorrect legal principles. Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), cert. denied, 114 S.Ct. 1337 (1993). Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 Mr. Vance claims that he brought his first unsuccessful habeas petition on different grounds. We disagree. In his first habeas petition, Mr. Vance unsuccessfully challenged the severity ratings based on parole guidelines. Aplt.App. 15-19. The district court then held that "the offense severity ratings are consonant with those recommend by applicable federal regulations." Aplt.App. 5. See also 28 C.F.R. 2.19(c) (Parole Commission may consider "any substantial information available to it"). Also contained in Mr. Vance's first petition is the incorrect notion that the Parole Commission may not delay parole eligibility by any amount that would exceed the length of sentence imposed on a subsequent conviction. See Aplt.App. 19.
 
 
 3
 The respondents have notified the court that despite Fed. R.App. P. 23(a), Mr. Vance was to transferred to USMCFP Springfield due to a medical emergency and then reassigned to USP Allenwood. Our jurisdiction is unaffected, Hammer v. Meachum, 691 F.2d 958, 961 (10th Cir.1982), cert. denied, 460 U.S. 1042 (1983), and we GRANT Respondents' application to retain custody of Petitioner at USP Allenwood during the pendency of these proceedings.
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument