**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NATHAN L. HILL,

        Petitioner - Appellant,

v.

WARDEN DANIELS,

        Respondent - Appellee.

No. 12-1162

(D. Colorado)

(D.C. No. 1:12-CV-00590-LTB)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Federal prisoner Nathan Hill appeals from the dismissal by the United

States District Court for the District of Colorado of his application for a writ of

habeas corpus under 28 U.S.C. § 2241. His application identifies six claims for

relief, all of which he admits to having raised without success in three prior

habeas actions. Given these earlier adjudications, we hold that Hill's current

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

application is barred under 28 U.S.C. § 2244(a). The prior decisions were on the merits and the ends of justice do not require our review. We therefore affirm.

## I. BACKGROUND

In 1999 Hill was convicted in federal district court in Illinois on charges of conspiracy, *see* 21 U.S.C. § 846, operating a continuing criminal enterprise, *see id.* § 848, and money laundering, *see* 18 U.S.C. § 1956. He was sentenced to life in prison. Hill appealed to the Seventh Circuit, which affirmed his conviction in 2001. *See United States v. Hill*, 252 F.3d 919 (7th Cir. 2001). A petition for writ of certiorari to the Supreme Court was denied in 2002. *See Hill v. United States*, 536 U.S. 962 (2002). Hill then filed in Illinois federal court a motion attacking his sentence under 28 U.S.C. § 2255. The motion was denied in 2004.

About two months after the district court's denial of this first § 2255 motion, Hill received word from the government that IRS Special Agent Laurence Hlista—who had played a role in investigating Hill's case and who testified against Hill at trial—had been involved before and during Hill's trial in a secret relationship with another government witness, Hill's former girlfriend Rachael Wines. According to Hill, this revelation confirmed, among other things, that Wines had lied at Hill's trial in testifying that she had accepted no money or other favors from the government.

Armed with this new evidence, Hill filed an application with the Seventh Circuit in early 2006 seeking permission to file a second or successive § 2255

-2-

motion in which he could challenge the government's nondisclosure of Wines's relationship with Hlista. (Hill asserted that he had attempted to file such an application at least twice previously, beginning in the fall of 2005, but each time the Seventh Circuit clerk had returned his correspondence unfiled.) The circuit court denied the application on alternative grounds: first, the new evidence was not sufficient "to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," as required by § 2255(h); and second, because the application had been filed more than one year after the government's disclosure to Hill, the application was time barred under § 2255(f). *See* Order, *Hill v. United States*, No. 06-1344 (7th Cir. Feb. 7, 2006).

As Hill moved to different prisons during his sentence, he filed subsequent habeas applications in two other federal courts—first in Florida, *see Hill v. Warden, FCC Coleman - USP II*, 364 F. App'x 587 (11th Cir. 2010), then in California, *see Hill v. Warden of Victorville*, No. CV 10-1924-VAP (MAN), 2010 WL 2605733 (C.D. Cal. May 25, 2010). Both of these petitions were brought under 28 U.S.C. § 2241 (not under § 2255), and both were denied. *See Hill*, 364 F. App'x at 589–90; *Hill v. Warden of Victorville*, No. CV 10-1924-VAP (MAN), 2010 WL 2605732, at *1 (C.D. Cal. June 28, 2010).

On March 8, 2012, Hill, by this point an inmate of the federal penitentiary at Florence, Colorado, filed an application for a writ of habeas corpus under § 2241 in the United States District Court for the District of Colorado. The

petition asserts the following grounds for relief: (1) Hlista's secret relationship with Wines created a conflict of interest that rendered Hill's trial structurally unfair, depriving him of his right to due process of law under the Fifth Amendment; (2) the government's nondisclosure of the relationship between Hlista and Wines amounted to an impermissible suppression of exculpatory material and deprived Hill of his Sixth Amendment right to cross-examine government witnesses; (3) Hill was actually innocent; (4) Hill's conviction was invalid because Hlista and Wines's behavior had violated several federal anticorruption statutes; (5) Hlista and other agents had threatened Hill's family with prosecution if they continued to help Hill pay his attorney fees, thereby depriving Hill of his Sixth Amendment right to counsel; and (6) Hill's claims must be heard in order to avoid the serious constitutional questions arising from the statutory barriers that had repeatedly prevented him from raising claims based on the new evidence.

The district court denied Hill's application. *See Hill v. Daniels*, No. 12-cv-00590-BNB, 2012 WL 1229976, at *3 (D. Colo. Apr. 12, 2012). It reasoned that under § 2255(e) a federal prisoner cannot file a § 2241 application challenging the legality of his detention without first carrying "the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Id.* It held that Hill had failed to show the inadequacy or ineffectiveness of § 2255 within the narrow bounds delineated by *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011).

-4-

After his motion for reconsideration under Fed. R. Civ. P. 59(e) was denied, Hill brought this appeal. He claimed (1) that the district court erred by dismissing his § 2241 application on the ground that the § 2255 remedy was not "inadequate or ineffective" under *Prost*, and (2) that even if the district court's interpretation of *Prost* was correct, the courts must still adjudicate Hill's claims on the merits to avoid "serious constitutional questions and manifest injustice." Aplt. Br. at 18 (capitalization omitted).

We ordered Hill to show cause why, in light of our opinion in *Stanko v. Davis*, 617 F.3d 1262 (10th Cir. 2010), his application should not be dismissed as either successive (because it contains only claims that have already been adjudicated in earlier habeas proceedings) or abusive (because it contains claims that could have been raised in such earlier proceedings but were not). *See* Order to Show Cause at 2–3, *Hill v. Daniels*, No. 12-1162 (10th Cir. Oct. 3, 2012). In his response Hill admits that he has brought "precisely the same claims" in three prior habeas actions: his application to file a second or successive § 2255 motion in the Seventh Circuit, his § 2241 application in the Middle District of Florida, and his § 2241 application in the Central District of California. Response to Order to Show Cause at 3, *Hill*, No. 12-1162 (10th Cir. Oct. 22, 2012). He argues, however, that his claims were never actually adjudicated because they were not decided on the merits. Alternatively, he contends that regardless of the

outcome of the three previous habeas proceedings, we must reach the merits in this appeal to serve the ends of justice.

## II.    DISCUSSION

We need not decide whether Hill's application under § 2241 is barred by 28 U.S.C. § 2255(e) on the ground that the remedy by motion under § 2255 was neither inadequate nor ineffective.  That is because relief under § 2241 is barred in any event by 28 U.S.C. § 2244(a).  We therefore affirm the district court's dismissal.

Although "the usual principles of *res judicata* are inapplicable to successive habeas corpus proceedings," *Smith v. Yeager*, 393 U.S. 122, 124 (1968) (per curiam), a "prior adjudication [bears] vital relevance to the exercise of the court's discretion in determining whether to consider [a habeas] petition," *McCleskey v. Zant*, 499 U.S. 467, 482 (1991).  As we observed in *Stanko*, a longstanding doctrine governing successive petitions "authorized a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice."  617 F.3d at 1269 (footnote omitted).  This doctrine is codified at § 2244(a).  *See id.* & n.6; *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995) ("Under [an earlier version of] § 2244(a), . . . a section 2241 petition which present[ed] no new grounds for relief [was] subject to dismissal as a successive petition unless the ends of justice

require[d] consideration of the merits."). In its present form § 2244(a) allows a court to refuse to entertain a federal habeas petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."[1] 28 U.S.C. § 2244(a) (1996).

Hill's claims have been presented and rejected in three different federal habeas actions before this one. The Seventh Circuit ruled that Hill could not file a second or successive § 2255 motion raising the claims because he could not satisfy § 2255(h)'s gatekeeping standards and because the motion was time barred by § 2255(f). The Eleventh Circuit ruled that § 2241 was unavailable because Hill could not show that the § 2255 remedy was inadequate or ineffective, as § 2255(e) requires. *See Hill*, 364 F. App'x at 589–90. And although the Central District of California adopted a magistrate judge's opinion that contained some debatable language invoking issue preclusion, the opinion also clearly ruled that Hill had failed to meet § 2255(e)'s statutory prerequisite to filing a § 2241 petition. *See Hill*, 2010 WL 2605733, at *5–7.

It thus plainly appears that "the legality of [Hill's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 18 U.S.C. § 2244(a). Hill nevertheless presents two

---

[1]Hill does not contend that his § 2241 application satisfies the requirements for a successive motion under § 2255(h).

arguments why his claims must be heard. First, he contends that the legality of his detention was not "determined" in any of the prior proceedings because his claims were not actually adjudicated on the merits, having been dismissed on procedural grounds. Second, he contends that the ends of justice require review. The basis for his arguments can be found in a Supreme Court decision construing the original version of what is now § 2244(a). The Court wrote:

> Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) *the prior determination was on the merits*, and (3) *the ends of justice* would not be served by reaching the merits of the subsequent application.

*Sanders v. United States*, 373 U.S. 1, 15 (1963) (emphases added) (footnote omitted); *see id.* at 11–12 (stating that § 2244 did not "change the law as judicially evolved").

We are not persuaded. Hill's first argument is based on a misunderstanding of the term *on the merits*. To say that a claim was adjudicated on the merits is simply to say that it was not dismissed without prejudice; that is, a claim is dismissed "on the merits" when the ruling—whether it is based on the substance of the claim or a procedural bar such as a statute of limitations—prohibits the party from bringing the same claim before the same court again. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502–06 (2001) (construing Fed. R. Civ. P. 41(b)). Thus, shortly before the 1996 enactment of the Antiterrorism and

Effective Death Penalty Act (AEDPA), we held that a disposition on procedural-default grounds is an adjudication on the merits for purposes of the bar on successive § 2254 applications because the dismissal for procedural default was a ruling "that the underlying claims will not be considered." *Hawkins v. Evans*, 64 F.3d 543, 547 (10th Cir. 1995) (emphasis and internal quotation marks omitted). Other courts have since confirmed that this proposition was left undiluted by AEDPA, *see Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005), and that it applies no differently to habeas actions challenging the legality of *federal* confinement, *see Carter v. United States*, 150 F.3d 202, 205–06 & n.5 (2d Cir. 1998). These authorities convince us that when the Seventh Circuit, Eleventh Circuit, and Central District of California dismissed exactly the same claims that Hill raises now—for failure to comply with the procedural requirements of § 2255(h), § 2255(f), or § 2255(e)—the dismissals constituted adjudications on the merits of those claims.

Similarly, Hill's second argument fails to appreciate the limited scope of the ends-of-justice exception. As explained by the Supreme Court in *McCleskey*, the ends-of-justice exception is to afford relief only when there is "a colorable showing of factual innocence." 499 U.S. at 495 (internal quotation marks omitted). Hill has made no such showing here. As the Seventh Circuit observed in rejecting his request to proceed on a second § 2255 motion, the evidence

against him "was overwhelming."  Order, *Hill*, No. 06-1344, at 2 (7th Cir. Feb. 7, 2006).

## III.  CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge