FILED
United States Court of Appeals
Tenth Circuit

June 6, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATHAN HILL

    Petitioner–Appellant,

v.

J. OLIVER, Warden

    Respondent–Appellee.

No. 16-1165
(D.C. No. 1:14-CV-01528-MSK-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Nathan Hill, a federal prisoner, appeals the denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241. Mr. Hill contends that his sentence is unlawful under *Alleyne v. United States*, ⸺ U.S. ⸺, 133 S. Ct. 2151 (2013). The district court denied his habeas application after concluding that *Alleyne* does not apply retroactively on collateral review. Because § 2241 is not the proper vehicle for his *Alleyne* claim, we reverse and remand to the district court with instructions to dismiss the case without prejudice for lack of statutory jurisdiction.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1999, Mr. Hill was convicted by a federal grand jury of continuing criminal enterprise, among other offenses. At sentencing, the district court found that Mr. Hill was the principal leader of the continuing criminal enterprise and the enterprise was responsible for at least 4,000 kilograms of cocaine. These facts increased his mandatory minimum from twenty years to a term of life imprisonment under 21 U.S.C. § 848(b). (Because Mr. Hill was found by the district court to have directed at least two murders, his sentencing guideline range was also life.)

Mr. Hill appealed, arguing that, under *Apprendi v. New Jersey*, 530 U.S 466 (2000), his sentence "violate[d] the due process clause because the jury did not conclude that the evidence establishes beyond a reasonable doubt the events that led to the life term[ ]." *United States v. Hill*, 252 F.3d 919, 921 (7th Cir. 2001). The Seventh Circuit disagreed, holding that *Apprendi* does not apply to mandatory minimums. *Id.* at 921. It affirmed his conviction and sentence, *id.* at 929, and the Supreme Court denied Mr. Hill's petition for writ of certiorari, *see Hill v. United States*, 536 U.S. 962 (2002).

Numerous federal habeas proceedings followed. *See Hill v. Daniels*, 504 F. App'x 683, 685–86 (10th Cir. 2012) (discussing Mr. Hill's prior habeas claims and affirming the dismissal of his third § 2241 motion). In 2003, Mr. Hill challenged his conviction under 28 U.S.C. § 2255. *United States v. Hill*, No. 03 C 4196, 2004 WL 2064622 (N.D. Ill. Sept. 13, 2004). In this, his first and only § 2255 motion, he raised ten grounds for relief, none of which were a renewal of his *Apprendi* argument. *See id.* The § 2255 motion was denied. *Id.* at *17. Shortly after that, Mr. Hill filed an application with the Seventh

Circuit seeking permission to file a second or successive § 2255 motion. *See* Order*, Hill v. United States*, No. 06–1344 (7th Cir. Feb. 7, 2006). The application was denied. *See id.* Over the next six years, Mr. Hill filed three habeas applications under 28 U.S.C. § 2241. *Hill*, 504 F. App'x at 685–86. All three were denied. *Id.*

In 2013, the Supreme Court decided *Alleyne v. United States*, ⸺ U.S. ⸺, 133 S. Ct. 2151 (2013), which extended the reasoning of *Apprendi* to mandatory minimums, holding that any fact that increases a mandatory minimum is an element that must be charged in an indictment and proven beyond a reasonable doubt to jury. (This is essentially what Mr. Hill had argued on direct appeal.) Consequently, Mr. Hill filed the present § 2241 habeas application—his fourth—asserting that his sentencing was unlawful under *Alleyne* because it was the judge, not the jury, who had found the facts that increased his mandatory minimum. The district court denied Mr. Hill's habeas application after concluding that *Alleyne* does not apply retroactively on collateral review. Mr. Hill timely appealed.

\*

Mr. Hill challenges his sentence under 28 U.S.C. § 2241. Ordinarily, a motion under 28 U.S.C. § 2255 is "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). "But in rare instances, a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under" § 2255(e)'s savings clause if § 2255 is "inadequate or

ineffective to test the legality of his detention." *Id.* (internal citations and quotation marks omitted).

We determine whether the § 2255 remedy was "inadequate or ineffective" by asking "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This is true even if the argument would likely have failed under existing circuit precedent or had already been raised and rejected on direct appeal; the question is whether the argument could have been raised, not whether it would have succeeded. *See id.*; *see also Abernathy v. Wandes*, 713 F.3d 538, 551 (10th Cir. 2013). The habeas applicant has the burden to show that he satisfies § 2255(e)'s saving clause. *Hale*, 829 F.3d at 1170. "[W]hen a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims." *Abernathy*, 713 F.3d at 557.

As Mr. Hill himself concedes, his challenge to the use of judge-found facts to increase his mandatory-minimum sentence fails under *Prost* because it could have been raised in his § 2255 motion. (*See* Suppl. App. at 8 ("Hill's *Alleyne* challenges cannot meet *Prost*'s Metric Test.").) Recognizing this problem, he suggests first that *Prost* was wrongly decided. (*See* Unfiled Pro Se Reply Brief at 5.) But a "panel of this court cannot overrule the judgment of another panel absent *en banc* consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis," *United States v. Nichols*, 775 F.3d 1225, 1230 (10th Cir. 2014) (internal

- 4 -

quotation marks and alterations omitted), and Mr. Hill has identified no such intervening, controlling authority.

Next, Mr. Hill contends that applying *Prost* to *his* case would raise serious constitutional questions under the U.S. Constitution's Suspension Clause, the Due Process Clause, and the Eighth Amendment. We disagree. Though we have recognized "there may be situations where § 2255(e)'s savings clause may need to be interpreted to avoid 'serious constitutional questions,'" *Abernathy*, 713 F.3d at 556–57, this is not one of them.

According to Mr. Hill, denying him the opportunity to proceed under § 2241 would violate the Suspension Clause. Not so. "It is well-established that the Suspension Clause does not prohibit the 'substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention.'" *Abernathy*, 713 F.3d at 555 (emphasis omitted) (quoting *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). Here, § 2255 is the relevant "substitute." Mr. Hill had a full opportunity under § 2255 to make the claim he presses now. Contrary to his assertions, Mr. Hill was not prevented from raising it then by the law-of-the-case doctrine or by adverse precedent. *See Abernathy*, 713 F.3d at 551.

Mr. Hill's Due Process Clause argument also falls short. We recently rejected a similar challenge in *Hale*. *See Hale*, 829 F.3d at 1175–76. In *Hale*, a federal prisoner filed a habeas corpus application under 28 U.S.C. § 2241 after having filed an unsuccessful motion for collateral relief under 28 U.S.C. § 2255. *Id*. at 1164. There, as here, the habeas applicant "seiz[ed] upon the constitutional avoidance language in *Prost*"

to argue "that applying § 2255(e) to bar his § 2241 [ ] claim would raise serious concerns under the Due Process and Suspension Clauses." *Id.* at 1175. "But," we held, the habeas applicant "fail[ed] to identify the basis for his due process interest in collateral review beyond the procedure he has already received." *Id.* Like the habeas applicant in *Hale*, Mr. Hill has not identified a substantive right to challenge his conviction "after already unsuccessfully bringing one round of collateral review." *Id.* So, he has failed "[t]o make out a procedural due process violation in this context." *Id.*

Finally, Mr. Hill contends, without citation to legal authority, that "it is against cruel and unusual punishment to not provide Hill with an avenue to present his claims of 'not guilty.'" (Unfiled Pro Se Reply Brief at 8.) But, as explained above, Mr. Hill *did* have an avenue to present his *Apprendi*-based challenge to his sentencing—his 2003 § 2255 motion.

Because Mr. Hill failed to satisfy § 2255(e)'s savings clause, the district court lacked statutory jurisdiction to consider his claim. *See Abernathy*, 713 F.3d at 557. Instead of dismissing the § 2241 application on this ground, however, the district court assumed without deciding that it had statutory jurisdiction in order to reach the merits. This was not necessarily wrong, *see id.* at 558 n. 17, but by "resolv[ing] this appeal on jurisdictional grounds, we have no need to definitively opine on whether [this] hypothetical-jurisdiction approach . . . would be . . . viable." *Id.*

Accordingly, we **REVERSE** and **REMAND** to the district court with instructions to dismiss the case without prejudice for lack of statutory jurisdiction.

Entered for the Court

Monroe G. McKay
Circuit Judge