**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BLAKE SANDLAIN,

Petitioner - Appellant,

v.

NICOLE ENGLISH,

Respondent – Appellee.

No. 17-3152
(D.C. No. 5: 17-CV-03103-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judge

In 2015, Blake Sandlain pled guilty to possession with intent to distribute a

controlled substance and to being a felon in possession of a firearm. That occurred in the

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

United States District Court for the Eastern District of Michigan. The district judge sentenced him as a career offender under USSG § 4B1.1 because he had at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." He did not file a direct appeal. Since then, he has tried several times to overturn either his conviction or sentence.

In August 2015, he filed his first 28 U.S.C. § 2255 motion in the Eastern District of Michigan, raising various claims of ineffective assistance of counsel. The district judge denied relief and the Sixth Circuit denied a certificate of appealability (COA). The United States Supreme Court denied certiorari review.

In June 2016, Sandlain requested and received permission from the Sixth Circuit to file a second or successive § 2255 motion in light of *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2557, 2563 (2015) (the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), is unconstitutionally vague). That motion was denied because, by that time, the Supreme Court had refused to extend *Johnson* to strike the residual clause of the guidelines. *See Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 892 (2017) ("[T]he Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness."). Because Sandlain had been sentenced under the guidelines, not the ACCA, *Johnson* was of no help.

In June 2017, he filed the instant pro se 28 U.S.C. § 2241 petition[1] in the United States District Court for the District of Kansas, where he is currently in custody.[2] He again sought relief from the career offender guideline enhancement, this time claiming the sentencing judge erred in applying the modified categorical approach to discover the means, as opposed to the elements, of his prior drug-trafficking conviction under Mich. Comp. Laws § 333.7401. According to him, this violated *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016).

The district judge dismissed the § 2241 petition and denied Sandlain's subsequent motion to reconsider. Although the judge cited case law requiring a petitioner challenging his conviction or sentence under § 2241 to demonstrate the remedy under § 2255 is inadequate or ineffective, he ultimately dismissed the petition because both the Tenth Circuit[3] and district courts in the Sixth Circuit had concluded *Mathis* did not apply retroactively to cases on collateral review. As a result, he also declined to transfer the case to the Eastern District of Michigan for Sandlain to pursue additional relief under

---

[1] We have construed Sandlain's pro se pleadings liberally, stopping short, however, from serving as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Section 2241 petitions are brought in the district where the prisoner is confined (in this case, the District of Kansas) whereas § 2255 motions are brought in the district where the defendant was convicted and sentenced (in this case, the Eastern District of Michigan). *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).

[3] *See United States v. Taylor*, 672 F. App'x 860, 864-65 (10th Cir. 2016) (unpublished) (*Mathis* does not apply retroactively to cases on collateral review). *But see United States v. Burtons*, --- F. App'x ---, No. 16-6091, 2017 WL 3531399, at *4 (10th Cir. Aug. 17, 2017) (unpublished) (declining to decide whether *Mathis* applies retroactively to cases on collateral review).

§ 2255.

Sandlain appeals from the dismissal of his § 2241 petition, arguing *Mathis* is to be applied retroactively.[4] Whether *Mathis* is retroactive to cases on collateral review goes to the merits of his § 2241 petition. But we must first decide whether § 2241 was the proper vehicle to bring the *Mathis* claim. Since that issue impacts the court's statutory jurisdiction, it is a threshold matter. *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

Ordinarily, a § 2255 motion is the only means to attack the validity of a federal conviction or sentence. *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016); *see also Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). A § 2241 petition, on the other hand, is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost*, 636 F.3d at 581. However, "in rare instances, a prisoner may attack his underlying conviction by bringing a § 2241 habeas corpus application under the savings clause in § 2255(e)." *Hale*, 829 F.3d at 1165 (citation and quotation marks omitted). Under that clause, a federal prisoner may file a § 2241 petition attacking the validity of his conviction or sentence only if § 2255 is "'inadequate or ineffective to test the legality of his detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)).

In his § 2241 petition, Sandlain claimed § 2255 was inadequate or ineffective to challenge his sentence because Sixth Circuit law at the time he filed his initial § 2255

---

[4] Sandlain seeks a certificate of appealability (COA), but a COA is not required. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

motion precluded him from raising an ineffective assistance of counsel claim based on counsel's failure to challenge the use of the modified categorical approach to determine the means, rather than the elements, of his prior conviction under Mich. Comp. Laws § 333.7401. We rejected a similar argument in *Prost*.

Prost pled guilty to conspiring to launder drug proceeds in violation of 18 U.S.C. § 1956. 636 F.3d at 580. He filed a § 2255 motion challenging his sentence, not his conviction. *Id*. He was denied relief. *Id*. Later, the Supreme Court decided *United States v. Santos*, 553 U.S. 507 (2008). *Id*. In *Santos*, the Court "held that the term 'proceeds' in the federal money laundering statute, 18 U.S.C. § 1956, means 'profits,' and not just 'gross receipts.'" *Id*. Prost brought a § 2241 petition seeking to have his money laundering convictions overturned based on *Santos*. *Id*. at 580-81. Relying on the savings clause of § 2255(e),[5] he resorted to § 2241 because he could not satisfy the requirements of 28 U.S.C. § 2255(h) for bringing a second or successive § 2255 motion. *Id*. at 581. According to him, § 2255 was inadequate or ineffective to test the legality of his detention because, *inter alia*, the Eighth Circuit, where he was convicted, had previously and erroneously rejected *Santos*' reading of the federal money laundering

---

[5] Section 2255(e) states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

- 5 -

statute. *Id*. at 590. Bringing a *Santos*-type argument in his initial § 2255 motion, he claimed, would therefore have been futile. *Id*. We saw it differently.

Prost, we said, "*was* entirely free to raise and test a *Santos*-type argument in his initial § 2255 motion." *Id*. That his argument may have been foreclosed by erroneous circuit precedent was not enough to invoke the savings clause of § 2255(e): "[T]he possibility of an erroneous result—the denial of relief that should have been granted— does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. And, of course, nothing precluded Prost from seeking en banc review in the Eighth Circuit or certiorari review with the Supreme Court:

> The U.S. Reports are . . . replete with instances where the Supreme Court has rewarded litigants who took the trouble to challenge adverse circuit precedent. While there is of course no guarantee that any *en banc* or *certiorari* petition will be granted, Mr. Prost can't dispute that § 2255, as a procedural vehicle, was (and has proven to be) an *adequate* and *effective* means for *testing* the question he now seeks to pose.

*Id*. at 590-91.

The same is true in this case. Sandlain could have raised and tested a *Mathis*-type argument in his initial § 2255 motion. Indeed, contrary to his claim, there was no Sixth Circuit precedent foreclosing the argument at that time.[6] However, even assuming there

---

[6] Sandlain relies on *United States v. Solomon*, 592 F. App'x 359 (6th Cir. 2014) (unpublished). In *Solomon*, a Sixth Circuit panel decided Mich. Comp. Laws § 333.7401 could be violated in a way that does constitute a controlled substance offense under the

(Continued . . .)

was contrary circuit precedent, nothing prevented him from raising the argument in his

initial § 2255 motion and then challenging any contrary precedent via en banc or

certiorari review.

Nor does it matter that *Mathis* was not in existence at the time he filed his initial

§ 2255 motion.  Again, *Prost* is instructive:

> [W]e cannot agree that the absence of *Santos* from the U.S. Reports at the time of a prisoner's first § 2255 motion has anything to do with the question whether § 2255 was an inadequate or ineffective remedial mechanism for challenging the legality of his detention.  As we've explained, it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative.  To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention . . . .
>
> We readily acknowledge that, at the time of his first § 2255 motion, it is likely that neither Mr. Prost nor his counsel *imagined* the particular statutory interpretation argument *Santos* ultimately vindicated.  But in much the same way that a student's failure to imagine a novel or creative answer to an exam question doesn't make the exam an inadequate or ineffective procedure for testing his knowledge, the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument.  The § 2255 remedial vehicle was fully available and amply sufficient to test the argument, whether or not Mr. Prost thought to raise it.  And that is all the savings clause requires.

---

career offender guideline and in a way that does not.  *Id*. at 361.  The court used the modified categorical approach to decide under which elements of the statute Solomon was convicted.  *Id*.  In doing so, it <u>did not</u> address a *Mathis*-type argument, i.e., whether § 333.7401 contains alternative means rather than elements and whether the modified categorical approach could be used to discover the means of a prior conviction.  *Id*.  It was not until August 5, 2015, that the Sixth Circuit decided the categorical approach applies regardless of whether a statute's alternatives are elements or means.  *See United States v. Ozier*, 796 F.3d 597, 602-03 (6th Cir. 2015), *abrogated by Mathis*, 136 S. Ct. at 2251 n.1.  Sandlain mailed his initial § 2255 motion on August 3, 2015.

*Id*. at 589.

Sandlain cannot raise his *Mathis* argument in a second or successive § 2255 motion without permission from the Sixth Circuit.  28 U.S.C. § 2255(h).  And that permission will likely be denied because he has no newly discovered evidence and *Mathis* has not been made retroactive to cases on collateral review by the Supreme Court.[7]  *Id*.  But merely being barred from raising a second or successive § 2255 motion does not satisfy the savings clause of § 2255(e).  *See Prost*, 636 F.3d at 586 ("if the § 2255 remedial mechanism could be deemed inadequate or ineffective any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a meaningless gesture") (quotation marks omitted); *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

Finally, Sandlain claims § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*.  But that merely restates the argument he could have brought in his initial § 2255 motion.  Moreover, he can only establish actual innocence "by bringing forward new exculpatory evidence." *Hale*, 829

---

[7] Section 2255(h)(2) explicitly requires that the new rule of constitutional law be "made retroactive to cases on collateral review *by the Supreme Court*."  (Emphasis added).  Thus, for purposes of § 2255(h)(2), it is immaterial what we have said on the retroactivity issue.  *See supra* note 3; *see also In re Gieswein*, 802 F.3d 1143, 1146 (10th Cir. 2015) ("Under § 2255(h)(2), the Supreme Court is the only entity that can make a new rule retroactive.") (quotation marks omitted).

F.3d at 1171.  He has not done so.  Possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence.

In sum, this case does not involve one of those "rare instances" in which the savings clause of § 2255(e) applies.  *Id*. at 1165 (quotation marks omitted).  The district court lacked statutory jurisdiction to consider it.  *Abernathy*, 713 F.3d at 557.

Rather than dismissing the § 2241 petition for lack of statutory jurisdiction, the judge dismissed it after addressing its merits (*Mathis* does not apply retroactively).[8] Dismissal was the proper remedy, but it should have been without prejudice.  *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (when, as here, the district court does not state whether a dismissal was with or without prejudice, we deem it to be with prejudice).  We therefore **AFFIRM** the dismissal, but **REMAND** to the district court to clarify that the dismissal is for want of statutory jurisdiction (i.e., without prejudice).  *See Abernathy*, 713 F.3d at 558 (dismissal for lack of statutory jurisdiction is a dismissal without prejudice).  We **DENY** Sandlain's motion for appointment of an attorney.

The district judge denied Sandlain's request to proceed without prepayment of fees (*in forma pauperis* or *ifp*) in this appeal because the notice of appeal did not suggest a reasoned, nonfrivolous argument on the law and facts.  Sandlain renews his *ifp* request

---

[8] Reaching the merits of the § 2241 petition may not have been wrong.  *See Abernathy*, 713 F.3d at 557 n.17 (recognizing, but not deciding, that it may be possible to exercise "hypothetical statutory jurisdiction" but not hypothetical Article III jurisdiction); *see also Hill v. Oliver*, --- F. App'x ---, No. 16-1165, 2017 WL 2445850, at *3 (10th Cir. June 6, 2017) (unpublished) (same).  But, as in *Abernathy*, by "resolv[ing] this appeal on jurisdictional grounds, we have no need to definitively opine on whether the hypothetical-jurisdiction approach . . . would be . . . viable."  713 F.3d at 557 n.17.

here.  Because we have addressed a dispositive issue (the district court did not have statutory jurisdiction), his request to proceed *ifp* on appeal is **DENIED AS MOOT**. Nevertheless, the relevant statute does not permit litigants to avoid payment of fees; only prepayment of those fees.  *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security thereof") (emphasis added).  All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge