FILED
United States Court of Appeals
Tenth Circuit

November 20, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN L. DAVIS,

        Petitioner - Appellant,

v.

N.C. ENGLISH, Warden, USP-
Leavenworth,

        Respondent - Appellee.

No. 18-3178
(D.C. No. 5:18-CV-03172-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the appellant's brief and the appellate record, this panel

has determined unanimously that oral argument would not materially assist in the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

John L. Davis, a federal prisoner proceeding pro se, appeals from an order of the United States District Court for the District of Kansas dismissing his 28 U.S.C. § 2241 habeas corpus petition for lack of statutory jurisdiction. Exercising appellate jurisdiction pursuant to 28 U.S.C. § 1291,[1] this court **affirms** the district court's order of dismissal.

Davis "was convicted on his plea of guilty to one count of distribution of heroin and sentenced . . . to a term of 168 months. He was found to be a career offender because he had two prior felony convictions, one for a crime of violence (substantial battery with intent to commit bodily harm) and one for delivery of cocaine[]." *Davis v. United States*, No. 15-cv-408, 2016 WL 426608, at *1 (W.D. Wisc. Feb. 3, 2016). Davis did not appeal his conviction or sentence. Instead, he filed a motion for post-conviction relief under 28 U.S.C. § 2255, alleging two claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. *Id.* Davis claimed counsel (1) failed to object to the drug quantity assigned to him by the trial court at sentencing and (2) gave him inadequate advice about the length of the prison term he was likely to receive if he entered a guilty plea. *Id.* Davis also asserted the government committed misconduct by

---

[1]Because Davis is a federal prisoner and is appealing the district court's resolution of a § 2241 petition, he need not obtain a certificate of appealability to proceed on appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

"threatening to give him at least 30 years if he did not plead guilty immediately."

*Id.* The United States District Court for the Western District of Wisconsin denied Davis's § 2255 motion on the basis that the allegations therein had no basis in fact. *Id.* at *2-3.

Now serving his sentence at the United States Penitentiary in Leavenworth, Kansas, Davis filed the instant 28 U.S.C. § 2241 habeas petition in the United States District Court for the District of Kansas. In his § 2241 petition, Davis argued that his prior Wisconsin state conviction for delivery of cocaine no longer qualified him as a career offender in light of the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Thus, according to Davis, he was entitled to be resentenced without the career offender enhancement. Davis further asserted he was entitled to proceed under § 2241 because the remedy set out in § 2255 was inadequate or ineffective to test the legality of his detention.[2] 28 U.S.C. § 2255(e). In so arguing, Davis

---

[2]A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the movant was convicted and sentence was imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the remedy available under § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016). Pursuant to the "savings clause" set out in § 2255(e), a federal prisoner may file an application for habeas corpus under § 2241 in the district of confinement if the prisoner demonstrates that the remedy provided by § 2255 is "inadequate or

(continued...)

-3-

noted this court's precedent makes clear that the screening provisions of the Antiterrorism and Effective Death Penalty Act do "not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013).

In a cogent and comprehensive order, the district court concluded the arguments advanced by Davis in support of his claimed entitlement to proceed under § 2255(e)'s savings clause and § 2241 were at odds with the binding precedent set out in this court's opinion in *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). *See generally Guerrero v. English*, No. 18-3078, 2018 WL 3654829, at *2 (10th Cir. Aug. 1, 2018) (holding that *Prost* precluded a petitioner from raising in a § 2241 petition the exact same claims at issue here); *Sandlain v. English*, 714 F. App'x 827, 830-31 (10th Cir. 2017) (same). On appeal to this court, Davis does not assert the district court erred in concluding *Prost* forecloses the possibility he can proceed to litigate his *Mathis* claim in a § 2241 petition. Instead, he argues this court should overturn *Prost*. In so arguing, Davis notes *Prost* is an extreme minority approach among the circuits and the government has repeatedly asserted in documents filed in the Supreme Court that *Prost* was wrongly decided. No matter the merits of these contentions, however, this panel

---

²(...continued)
ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

is "bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017). Thus, the appropriate place to raise such arguments is in either a petition for rehearing en banc or a petition for a writ of certiorari.

For those reasons set out above, the order of the district court dismissing Davis's § 2241 habeas petition for lack of statutory jurisdiction is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge