**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

HADORI KARMEN CHANTEL
WILLIAMS,

     Defendant - Appellant.

No. 20-6027
(D.C. Nos. 5:19-CV-00982-R &
5:15-CR-00174-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to

28 U.S.C. § 2255 in the Western District of Oklahoma alleging ineffective assistance

of counsel and challenging his armed career criminal sentence. The district court

dismissed the action as untimely and denied Defendant a certificate of appealability.

Now, Defendant requests a certificate of appealability from this Court. Exercising

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

jurisdiction under 28 U.S.C. § 2253(a), we deny Defendant a certificate of appealability and dismiss Defendant's appeal.

If a district court denies a motion to vacate on procedural grounds without reaching the defendant's underlying constitutional claim, a certificate of appealability will issue when the defendant shows "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" *and* "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also United States v. Crooks*, 769 F. App'x 569, 571 (10th Cir. 2019) (unpublished). The defendant must satisfy both parts of this threshold inquiry before we can hear the merits of the appeal. *Gibson v. Klinger*, 232 F.3d 799, 802 (10th Cir. 2000).

In this case, the district court dismissed Defendant's motion to vacate as untimely. After carefully reviewing Defendant's request for a certificate of appealability, the district court's order of dismissal, and the record on appeal, we agree that Defendant's claims are barred by 28 U.S.C. § 2255's one-year statute of limitations. Defendant attempts to escape this conclusion by arguing he is entitled to equitable tolling because he is actually innocent and failure to address his claims would result in a miscarriage of justice.

While § 2255's one-year limitation period is subject to equitable tolling in certain circumstances, including when an inmate is actually innocent, Defendant fails to show he is actually innocent of being a felon in possession of a firearm. Rather, Defendant argues he should not have been sentenced as an armed career criminal.

2

Relying on *United States v. Hamilton*, 889 F.3d 688 (10th Cir. 2018), Defendant argues his prior state convictions for second degree burglary and attempted first degree burglary should not have been considered crimes of violence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). We have held, however, that "[p]ossible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence." *Sandlain v. English*, 714 F. App'x 827, 831 (10th Cir. 2017) (unpublished). Thus, Defendant's attempt to circumvent the one-year limitation period through a showing of actual innocence fails.

Moreover, as the district court notes in its order of dismissal, equitable tolling applies when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). In this case, Defendant has not shown any extraordinary circumstance caused his failure to timely file. Although he relies on *United States v. Hamilton* to argue he only recently discovered his prior state convictions do not qualify as crimes of violence under the ACCA, *Hamilton* was decided on May 4, 2018. 889 F.3d 688. Defendant did not file his motion to vacate until October 26, 2019. Defendant provides no explanation as to why he delayed in filing his motion to vacate until more than one year after this Court issued its decision in *Hamilton*. He certainly has not shown he pursued his claims diligently, or that his failure to timely file was caused by extraordinary circumstances beyond his control. *See Gabaldon*, 522 F.3d at 1124.

3

Accordingly, for substantially the same reasons set forth in the district court's order, we hold that no reasonable jurist would find it "debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Therefore, we GRANT Defendant's motion to proceed *in forma pauperis*, DENY Defendant's request for a certificate of appealability, and DISMISS this appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge