FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**October 11, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

VERDELL MAYS,

   Petitioner - Appellant,

v.

C. CARTER,

   Respondent - Appellee.

No. 22-1089
(D.C. No. 1:21-CV-02218-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Verdell Mays, a federal prisoner proceeding pro se,[1] appeals an order

dismissing his 28 U.S.C. § 2241 petition as successive. For the reasons below, we

affirm.

Mays's § 2241 petition stems from his convictions for two federal drug

offenses. As relevant here, the sentencing court initially imposed a 225-month prison

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] "Because [Carter] is pro se, we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

term for those crimes, but Mays later received a reduction to 180 months based on a decrease in the applicable offense level under the United States Sentencing Guidelines (U.S.S.G.). Six years later, in the § 2241 petition underlying this appeal, Mays challenged the execution of his sentence by the Bureau of Prisons (BOP). Specifically, he sought an order directing the BOP to "reduce his sentence by 22 months" to account for time he spent serving a sentence for related state crimes before his federal sentencing hearing. R. 10. The district court ultimately dismissed Mays's petition as successive, and therefore barred by 28 U.S.C. § 2244(a), because it raised the same claim Mays had unsuccessfully raised in a § 2241 petition filed in a different federal district court three years earlier.

Mays now appeals, arguing that the district court improperly dismissed his § 2241 petition. As noted above, the district court based its decision on § 2244(a). That statute that allows courts to decline to consider successive petitions—those that "present[] a claim that was previously raised and adjudicated in an earlier habeas proceeding"—unless doing so "would serve the ends of justice." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). We review the district court's decision to dismiss Mays's petition as successive for abuse of discretion. *Vance v. U.S. Parole Comm'n*, No. 94-3043, 1994 WL 325399, at *1 (10th Cir. July 11, 1994).

Here, at the outset, Mays does not dispute that his petition is successive. On the contrary, he acknowledged in the district court that he simply "ref[il]ed" his earlier § 2241 petition to reassert the same argument about the BOP not crediting him for 22 months of presentencing jail time. R. 22. On appeal, Mays likewise recognizes

2

that "his second [§ 2241] motion" merely reasserts the 22-month-reduction claim from his "first motion." Aplt. Br. 2. And as the district court observed, Mays's prior petition was denied on the merits based on a determination that he "was not entitled to the habeas relief he requested because the sentencing court had already accounted for his 22 months of pre[]sentence custody by granting a downward adjustment of his federal sentence under U.S.S.G. § 5G1.3(b)." R. 32. Since Mays asserted a claim that was both raised and rejected in prior habeas proceedings, the district court properly treated his second § 2241 petition as successive. *See Stanko*, 617 F.3d at 1269.

The only issue, then, is whether considering Mays's successive petition "would serve the ends of justice." *Id.* To establish that it would, Mays must make a "colorable showing of factual innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986) (plurality opinion)). But he makes no attempt to do so. Instead, he urges us to permit reconsideration of his successive claim because (1) COVID-19 lockdowns at his prison prevented him from timely responding to a magistrate judge's recommendation to deny his prior petition; and (2) his BOP records contain "inaccura[cies] and/or false information." Aplt. Br. 3. But because those arguments have nothing to do with whether Mays is innocent of his underlying drug offenses, they fall outside the "limited scope of the ends-of-justice exception." *Hill v. Daniels*, 504 F. App'x 683, 688 (10th Cir. 2012).

In sum, Mays's § 2241 petition is successive, and Mays has not shown that the ends of justice nevertheless require its consideration. The district court therefore did

3

not abuse its discretion in dismissing his petition, and we affirm the dismissal.[2] As a final matter, we deny Mays's motion to proceed in forma pauperis on appeal because he has not asserted "a reasoned, nonfrivolous argument" in support of his position. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[2] Because we conclude that the district court properly dismissed Mays's petition as successive under § 2244(a), we need not consider the government's assertion that Mays "waived review of the district court's order" through inadequate briefing. Aplee. Br. 7; *see also United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017) (declining to address waiver because appellant's argument "fail[ed] on the merits").