**UNITED STATES COURT OF APPEALS**

**February 2, 2018**

**TENTH CIRCUIT**

---

CLINTON T. ELDRIDGE,

      Petitioner - Appellant,

v.

J. OLIVER, Warden; U.S. PAROLE
COMMISSION,

      Respondents - Appellees.

No. 17-1253
(D.C. No. 1:16-CV-00690-MSK)
(D. Colo.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.

---

Petitioner Clinton Eldridge seeks a certificate of appealability to appeal the

district court's dismissal of his § 2241 habeas corpus petition.

In 1984, Petitioner was convicted of several felony counts, including rape

and robbery, and was sentenced by the District of Columbia Superior Court to

consecutive prison terms totaling 40 to 140 years. In 2010, 2013, and 2016,

Petitioner was considered for parole by the United States Parole Commission,

which denied parole each time. Petitioner's next parole hearing is scheduled for

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

February 2019.

In his § 2241 petition, Petitioner challenged the three denials of parole in 2010, 2013, and 2016. His main arguments were that (1) the Commission failed to give adequate consideration to the positive things he had done in custody, such as obtaining his GED and completing numerous educational and vocational programs; (2) it was unfair for the Commission to consider old reports of institutional misconduct, such as his sexual assault of a female correctional officer in 2000 and his attempted extortion/blackmail of a female correctional officer in 2004, without also crediting him for his contemporaneous and more recent positive program achievements; and (3) the Commission erred in denying parole based on his failure to participate in sex-offender treatment that had not been recommended earlier, was not available in the facility where he is incarcerated, and is not required under parole guidelines. He also argued that the Commission violated his due process rights by failing to state its reasons for denying parole with particularity, failing to give him advance notice of his need to participate in sex-offender treatment, and issuing its written report on the denial of parole after the hearing had been concluded, rather than before the hearing.

After thoroughly reviewing the appellate record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's ruling. For substantially the same reasons given by the district

-2-

court, reasonable jurists would not debate that the Commission acted well within its considerable discretion in weighing all of the pertinent factors and concluding that parole was not appropriate at this time. Nor would reasonable jurists debate whether Petitioner has shown a violation of his due process rights in the Commission's handling of his parole hearings. Finally, we conclude that reasonable jurists would not debate the district court's decision to dismiss the petition without first holding a hearing.

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is **GRANTED**.

Entered for the Court


Monroe G. McKay
Circuit Judge