**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CLINTON T. ELDRIDGE,

          Petitioner - Appellant,

v.

U.S. PAROLE COMMISSION;
WARDEN KLEIN, ADX,

          Respondents - Appellees.

No. 18-1229
(D.C. No. 1:18-CV-00797-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

Clinton Eldridge, a prisoner in custody of the Federal Bureau of Prisons,

seeks a certificate of appealability ("COA") so he can appeal from the district

court dismissal, as successive, of his 28 U.S.C. § 2241 habeas corpus petition.[1]

Eldridge also seeks permission to proceed on appeal in forma pauperis. Because

---

[1]Although Eldridge is in federal custody, he needs a COA to appeal the district court's decision because his relevant convictions were entered in the District of Columbia Superior Court. In *Eldridge v. Berkebile*, 791 F.3d 1239, 1241, 1243-44 (10th Cir. 2015), this court held that when a prisoner is challenging a conviction entered in the District of Columbia Superior Court, the prisoner is a "state prisoner" for purposes of 28 U.S.C. § 2253. State prisoners proceeding under § 2241 must obtain a COA to proceed on appeal. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

Eldridge has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In 1984, Eldridge was convicted of several felony counts, including rape and robbery, and was sentenced to consecutive prison terms totaling forty to one-hundred-and-forty years. In 2010, 2013, and 2016, Eldridge was considered for parole by the United States Parole Commission, which denied parole each time. His next parole hearing is scheduled for February 2019. Eldridge filed the instant § 2241 petition in district court asserting the following three claims: (1) the Parole Commission acted arbitrarily and capriciously by failing to apply D.C. Parole Guidelines at his parole hearings in 2010 and 2013; (2) the Commission did not recommend sex offender treatment programming at his 2010 and 2013 hearings and, at his 2016 hearing, denied his requests to transfer to a facility that offered that treatment; and (3) in denying parole, the Commission relied on prison records containing "false allegations by Respondent." The district court issued an order to show cause why the petition should not be dismissed because it raised the same claims that had previously been litigated in *Eldridge v. Oliver*, No. 16-cv-00690, 2017 WL 2812824 (D. Colo. June 29, 2017), *COA denied and appeal dismissed*, 710 F. App'x 348 (10th Cir. 2018). In response, Eldridge did not contest that he had previously raised the instant claims, but asserted the district court should reach the merits because the prior case was decided

-2-

incorrectly. The district court dismissed Eldridge's petition as frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010) (holding that common law doctrines of successive and abusive writs grant district courts discretion to refuse to consider § 2241 petitions that (1) relitigate previously resolved claims or (2) raise claims that could have been brought in a previous petition).

When the decision appealed involves a procedural ruling, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court's procedural ruling is indisputably correct, Eldridge is not entitled to a COA. There is simply no doubt the arguments raised in the instant petition are successive[2] and, therefore, frivolous and malicious. Furthermore, because Eldridge has failed to present a reasoned,

---

[2]In his brief on appeal, Eldridge seems to suggest that some aspects of the claims presented in the instant petition are not exactly the same as those resolved in the prior litigation. Even assuming this cursory assertion were to be credited by the court, it is not nearly enough for him to overcome the frivolous and malicious nature of the instant litigation. "Under the abuse of the writ doctrine, if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010).

nonfrivolous argument on the law and facts in support of the issues raised on appeal, he is not entitled to proceed in forma pauperis. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Eldridge is reminded that he must, therefore, immediately remit the full appellate filing fee.

For those reasons set out above, Eldridge's request to proceed in forma pauperis is **DENIED**, his request for a COA is **DENIED**, and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge